# Exhibit 16

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

In re

CUSTOMS AND TAX ADMINISTRATION OF
THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND
SCHEME LITIGATION

This document relates to all related dockets

Master Docket 18-md-02865 (LAK)
ECF Case

## DECLARATION OF FOREIGN LAW OF ANDERS ØRGAARD

**BACKGROUND**

I, the undersigned Anders Ørgaard, state the following:

1.      I have written this legal opinion at the request of certain Defendants in the above-captioned litigation, to be submitted to the United States District Court for the Southern District of New York, in the United States of America, as evidence of Danish law.

2.      On November 22, 2021, I signed a declaration of Danish law (Ørgaard I) that I understand has been submitted to the Court.

3.      In response, I understand that SKAT provided the Court with a declaration of Professor Mads Bryde Andersen dated June 6, 2022 (Andersen III).

4.      I have reviewed that declaration, and do not agree that it is an entirely accurate presentation of Danish law.  Accordingly, I have prepared this response.

**I.      Danish Limitations Act and SKAT's Duty of Investigation**

5.      My declaration of November 22, 2021 responded to Professor Andersen's declaration of November 23, 2020 (Andersen II).  In my declaration I focused on Section 3 (2) of the Limitation Act, which states as follows:

> If the claimant was unaware of the claim or the debtor, the limitation period stated in section 3(1) only runs from the day on which the claimant became, or should have become, aware thereof.

6.      I linked this rule to the fact that public authorities, including SKAT, have a duty to investigate.

7.      Andersen II did not refer to this duty to investigate.  On the contrary, Professor Andersen stated the following in paragraph 33:

> The test for whether the claimant "should have" become aware of its claim is whether the claimant had sufficient information for a prudent person acting in the claimant's shoes to assess the basis for its claim, which includes (but is not limited to) knowing what is necessary to plead its claim.

1

8.      In paragraph 16 of my previous declaration, I stated:

The official principle is the principle that a public authority is obliged to obtain all relevant information in a case before a decision is taken.  The official principle is also called the principle of investigation.  The official principle is a legal principle.  The official principle means that SKAT must ensure that a case is sufficiently informed to make a correct decision.  SKAT must therefore ensure that all relevant information is provided and involved in the case. This applies both to the factual and the legal situation.

9.      In Andersen III, Professor Andersen states in paragraph 182:

Outside the scope of such rules, there is no basis to assume that such an obligation to make certain tax inspections within certain periods of time exists – with the far-reaching consequences it might have on SKAT's possibility to prosecute its claims.

10.      This is a statement with which I do not agree and something that in my opinion collides with what is generally understood in Danish administrative law.  It is also at odds with SKAT's own official interpretation as explained in SKAT's Legal Guide.  Professor Andersen makes no attempt to reconcile his position with the statements in the Legal Guide, and does not refer to the Legal Guide in his declaration.

11.      The duty to investigate, and SKAT's obligation to make specific inspections of the facts before it makes renders an administrative decision, is clearly and undeniably the established rule in Denmark.

12.      The duty to investigate is also discussed by Professor Sten Bønsing in his book, Almindelig Forvaltningsret [Ordinary Administrative Law], 4. ed., 2018:

It is the completely clear starting point that it is the administration who is responsible for the collection of factual information.  The administration is subject to a "duty to investigate", cf. the "inquisitorial system."  This applies to both information that is beneficial and information that is disadvantageous to the citizen.  The authority must be "neutral" when collecting the information and shall – as always applies in connection with case administration – work towards the materially correct decision in the case.  …. The administration is obligated to take the initiative to procure all information in the case.

2

13.     Similarly, in "Karsten Revsbech m.fl.: Forvaltningsret Sagsbehandling, 7. udg."

[Administration law case administration, 7th ed.], 2014, pages 145-146, it is said:

> In the administration of justice, the starting point as regards preparation of the
> case is the adversarial system according to which the parties of the case are
> responsible for procurement of the evidence, including for determining the
> facts of the case.  For the administration on the other hand an investigation
> principle applies (frequently referred to as the inquisitorial system) according
> to which the responsibility that the necessary information is available and the
> necessary investigation is made will as a rule be incumbent upon the
> administration.  This does not necessarily mean that the administration always
> has to procure the necessary information.  In cases raised by the citizens
> through an application it will often be incumbent upon the citizen
> himself/herself to procure some of or all the necessary information.  *However,
> the administration will not just be able to take such information as fact but to
> the extent that it is necessary has to check the information and thus ensure that
> the case is based on a factually correct foundation.*  In cases where the
> decision goes against a citizen in the form of an order or an injunction there is
> no access to the same extent to demand that the citizen procures the
> information, and where the case is based on general measures not directed at
> any particular citizen, it will also in most cases be the administration that has to
> collect the necessary information.
>
> The inquisitorial system is an expression of a general legal principle (*only to be
> deviated from with statutory authority*).  There is no part of administrative law
> that is any express statutory rule similar to the principle mentioned whereby the
> authority deciding the case is responsible for that the necessary case
> preparation takes place. (emphasis added).

14.     Professor Andersen's attempt to compare SKAT's duty to investigate to what he

refers to as police authority has no merit and misconstrues SKAT's obligation.  Andersen III ¶

180.  This is not an argument that has been adduced in administrative law theory and Professor

Andersen stands alone with this comparison.  Neither I nor Defendants ever described SKAT's

duty to investigate as akin to a police investigation, and Professor Andersen's hyperbolic

disclaimer says nothing of the nature of SKAT's actual investigative obligation.

3

15.     Professor Andersen also fails to address the decisions I referred to in paragraph 23 (TfS 1997.403), paragraph 24 (TfS 2002.415 LSR), and paragraph 25 (TfS 2002.617).  These decisions all confirm that SKAT is subject to a duty to investigate.  These decisions are not limited to a duty to control as Professor Andersen suggests might determine SKAT's obligations.  Andersen III ¶ 182.

16.     Thus, I find that Professor Andersen grossly understates SKAT's duty to investigate.

**II.     There Is No Exception For Fraud**

17.     The other part of my declaration concerned that the rules of limitation do not include an exception for fraud.

18.     Andersen II 'stated at paragraph 37:

> Danish courts have held that a claimant "should not have" known its claim for repayment when it has relied on fraudulent information, even though the truthful information might have been known had the creditor taken steps to investigate the case further.

19.     I do not agree with this statement, and I understand paragraph 155 of Andersen III' to mean that he has abandoned this point of view and now agrees with Professor Bo von Eyben and me in saying that if a claim arises as a result of fraudulent or criminal conduct – including criminal concealment or fraudulent acts towards the tax authority – then it is subject to the very same limitations rule as any other claims.

**III.     Professor Andersen Is Wrong To Conclude That SKAT Could Not Have Known About Its Claims.**

20.     At the end of his latest declaration, Professor Andersen purports to offer the opinion that, on the facts of this case, SKAT should not have known of about all of its claims.  Andersen III ¶¶ 196-197.  I believe Professor Andersen goes too far and exceeds the scope of a

4

proper legal opinion by wading into the facts. Although I will not compound that error by offering my own opinion on the facts of this case, I have reviewed Professor Andersen's statements and must point out serious problems that I believe render his conclusion unfounded.

21. For the reasons I have previously explained in detail, Professor Andersen is wrong to tie SKAT's duty to investigate to suspicions of fraud *per se*. Andersen III ¶196. Professor Andersen's reference to testimony suggesting that neither Lisbeth Rømer nor others specifically suspected fraud is thus irrelevant. SKAT can (and did) have a duty investigate without suspecting fraud.

23. Although I have not studied the facts in this case in sufficient detail to have an opinion on how a Danish Court would apply those facts to the law, evidence of warnings to SKAT management that it refunded dividend tax blindly, that it knew of the possibility of multiple claims to legal ownership of the same shares, and that the documents SKAT required in support of reclaim applications did not permit SKAT to identify the beneficial owner of the dividend entitled to a refund, are all highly relevant to the question of SKAT's particular investigative duty. To the extent Professor Andersen suggests otherwise, I disagree.

24. I must also reject Professor Andersen's suggestion that SKAT's knowledge in 2014 that it paid out more money in reclaims than it obtained in withholding taxes failed to create an obligation to make specific investigation of each reclaim. It is not correct to suggest that a public authority can sit idly in the face of warnings. Assuming the truth of this fact, as Professor Andersen does, there is no basis for concluding that SKAT lacked a reason to investigate.

25.     Professor Andersen engages in pure speculation to suggest that a particular level of investigation would have been required to discover SKAT's claims, and in any event, it is legally irrelevant to whether SKAT had the obligation to investigate at all.

26.      For all of these reasons, I cannot share Professor Andersen's conclusion that SKAT should not have known about its claims, nor do I believe his conclusion is well founded.

* * *

Pursuant to 28 U.S.C. § 1746(1) the undersigned, Anders Ørgaard, states under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 24, 2022                           _____

                                                                        Anders Ørgaard
                                                                        Aarhus, Denmark

6