Exhibit 24

## Retsinformation



☰ Table of Contents ›

⧉ Later changes to the regulation ⌄

See detailed overview ⧉

ACT no. 482 of 22/05/2024 § 9

⧉ Amends/Cancels

⧉ The document's incorporated regulations ⌄

See detailed overview ⧉

ACT no. 2612 of 28/12/2021

LBK no. 283 of 02/03/2022

ACT no. 902 of 21/06/2022

ACT no. 905 of 21/06/2022

ACT no. 679 of 03/06/2023

ACT no. 718 of 13/06/2023

ACT no. 755 of 13/06/2023

ACT no. 1795 of 28/12/2023

⧉ Links to EU directives, cf. note 1 ⌄

32011L0016                                                          (Note)

⧉ Additional documents ⌄

Regulations that implement EU directive 32011L0016 ›

All executive orders etc. and circulars etc. to this statutory order ›

Decisions made in accordance with this legal regulation ›

Reports from the ombudsman applying this legal regulation ›

APPLICABLE

# LBK no. 12 of 08/01/2024

Ministry of Taxation

The Tax Control Act

More information ›

# Promulgation of the Tax Control Act [1]

The Tax Control Act is hereby promulgated, cf. Legislative Decree No. 283 of 2 March 2022, with the changes resulting from Section 3, Nos. 4-6, of Act No. 2612 of 28 December 2021, Section 3 of Act No. 902 of 21 June 2022, § 3 of Act No. 905 of 21 June 2022, § 15 of Act No. 679 of 3 June 2023, § 354 of Act No. 718 of 13 June 2023, § 3, no. 3, of Act No. 755 of 13 June 2023 and § 3 of Act No. 1795 of 28 December 2023.

The amendments resulting from § 3, Nos. 1, 2 and 4-7, in Act No. 755 of 13 June 2023 on amendments to the VAT Act, the Chocolate Tax Act, the Tax Control Act and various other laws and on the repeal of the Act on Amendments to the VAT Act (Reporting of payment information to combat cross-border VAT fraud, reverse payment obligation for telecommunications services, notification system in certain tax laws, amendment of rules on freedom from liability, clarification of practice on increased fines, obligation to provide information in connection with partial VAT deduction rights, adjustment of rules on withdrawal, exemption from payroll tax on energy companies' activities regarding freezing in connection with the freezing scheme for high energy bills, amendment of rules on competence to collect certain maintenance allowances, etc.), are not incorporated in this legislative order, as the time for the entry into force of these changes is determined by the Minister of Taxation, cf. section 21, subsection 4, in Act No. 755 of 13 June 2023.

Section I

Chapter 1

*Duty to provide the customs and tax administration with information on the taxable income etc*

*The competence of the customs and tax administration*

**§ 1.** The customs and tax administration checks that taxpayers submit to Denmark the necessary information for calculating income tax (tax assessment) and for determining tax liability.

*PCS. 2.* The customs and tax administration may request information from third parties in accordance with the rules in section II and the Tax Reporting Act for purposes of tax assessment and calculation of tax liability.

*PCS. 3.* Provisions in the tax and tax legislation on the duty to provide information for use in Danish tax and tax assessments and the customs and tax administration's access to outgoing control also apply when the customs and tax administration, in accordance with applicable collective agreements, conventions or administrative agreements, provides the competent authority in the Faroe Islands, in Greenland and in a foreign jurisdiction assistance.

*The obligation to provide information*

**§ 2.** Enhver, der er skattepligtig her til landet, jf. dog §§ 3 og 4, skal årligt oplyse told- og skatteforvaltningen om sin indkomst, hvad enten den er positiv eller negativ, og give oplysninger om sin ejendom, jf. dog stk. 2. Dette gælder, selv om den pågældende ikke er registreret med adresse eller har hjemsted her i landet.

*Stk. 2.* Den skattepligtige skal ikke give oplysninger til told- og skatteforvaltningen efter stk. 1, hvis oplysningerne er eller burde være indberettet efter skatteindberetningsloven af tredjemand, som er uafhængig af den skattepligtige, og oplysningerne skal anvendes i årsopgørelsen, jf. § 8, eller låses i oplysningsskemaet, jf. § 15.

*Stk. 3.* Den skattepligtige skal ud over oplysningerne i stk. 1 oplyse om arten og værdien af formue, der omfattes af skatteindberetningslovens §§ 9-14 og 17-19, men som er i udlandet, og om ejendomsværdien af fast ejendom beliggende i udlandet.

*Stk. 4.* Den skattepligtige skal ud over oplysningerne i stk. 1 oplyse om underskud og tab, som den skattepligtige kun kan modregne i skattepligtig indkomst fra kilder af samme art, som underskuddet eller tabet vedrører. Oplyser den skattepligtige ikke om et kildeartsbegrænset tab, fortaber den skattepligtige retten til at fremføre tabet. Det gælder dog ikke, hvis der kan ske genoptagelse af ansættelsen efter skatteforvaltningslovens §§ 26 eller 27.

*Fysiske og juridiske personer undtaget fra oplysningspligten*

**§ 3.** Følgende fysiske personer er ikke omfattet af oplysningspligten i § 2:

1) Børn, der ikke er fyldt 15 år ved indkomstårets begyndelse, medmindre de i indkomståret har haft skattepligtig indkomst, jf. kildeskattelovens § 5.

2) Personer, der alene er skattepligtige efter kildeskattelovens § 2, stk. 1, nr. 3, 6 eller 8, jf. dog stk. 2.

3) Personer, der alene er skattepligtige efter kildeskattelovens § 2, stk. 2, når pågældende alene beskattes efter sømandsbeskatningslovens § 9, stk. 1, jf. dog stk. 2.

*Stk. 2.* Personer omfattet af stk. 1, nr. 2 og 3, er dog ikke undtaget fra oplysningspligten, hvis den skattepligtige har modtaget udbytte omfattet af ligningslovens § 16 A, stk. 1 og 2, eller afståelsessummer omfattet af ligningslovens § 16 B, i hvilke der ikke er indeholdt udbytteskat efter kildeskattelovens § 65, medmindre udbyttet eller afståelsessummerne er omfattet af kildeskattelovens § 65, stk. 5. En skattepligtig, som er omfattet af kildeskattelovens § 2, stk. 1, nr. 3, og som har valgt at blive beskattet efter kildeskattelovens § 2, stk. 1, nr. 1, er heller ikke undtaget fra oplysningspligten.

**§ 4.** Følgende juridiske personer er ikke omfattet af oplysningspligten i § 2:

1) Dødsboer, der efter dødsboskattelovens § 6 er fritaget for at betale indkomstskat.

2) Selskaber og foreninger m.v., der alene er skattepligtige efter selskabsskattelovens § 2, stk. 1, litra c, d, e eller g, jf. dog stk. 2.

3) Foreninger m.v. som nævnt i selskabsskattelovens § 1, stk. 1, nr. 6, hvis foreningen m.v. ikke har skattepligtig indkomst som nævnt i selskabsskattelovens § 1, stk. 1, nr. 6.

4) Foreninger m.v. som nævnt i selskabsskattelovens § 1, stk. 1, nr. 6, hvis foreningen m.v. som følge af fradragsretten efter selskabsskattelovens § 3, stk. 2 og 3, ikke har indkomst til beskatning. Det er dog en betingelse, at foreningens formål udelukkende er almenvelgørende eller på anden måde almennyttigt.

*Stk. 2.* Selskaber og foreninger m.v. omfattet af stk. 1, nr. 2, er ikke undtaget fra oplysningspligten, hvis den skattepligtige har modtaget udbytte omfattet af ligningslovens § 16 A, stk. 1 og 2, eller afståelsessummer omfattet af ligningslovens § 16 B, i hvilke der ikke er indeholdt udbytteskat efter kildeskattelovens § 65, medmindre udbyttet eller afståelsessummerne er omfattet af kildeskattelovens § 65, stk. 5.

*Skattepligtige, som modtager et oplysningsskema*

**§ 5.** Skattepligtige, som er omfattet af regler om pligten til at give told- og skatteforvaltningen oplysninger som nævnt i § 2 digitalt efter regler fastsat af skatteministeren i medfør af skatteforvaltningslovens § 35, stk. 1-4, skal give oplysningerne i et oplysningsskema ved anvendelse af de digitale kanaler, som told- og skatteforvaltningen anviser.

*Stk. 2.* Skattepligtige, som hverken er omfattet af stk. 1 eller modtager en årsopgørelse efter regler fastsat efter § 8, stk. 1, modtager fra told- og skatteforvaltningen et oplysningsskema til brug for opfyldelse af oplysningspligten i § 2.

*Stk. 3.* En skattepligtig, som ikke modtager et oplysningsskema efter stk. 2, er ikke af denne grund fritaget for at give told- og skatteforvaltningen oplysninger som nævnt i § 2.

*Stk. 4.* Told- og skatteforvaltningen udarbejder en årsopgørelse til den skattepligtige på baggrund af de oplysninger, som den skattepligtige giver efter stk. 1 eller 2.

**§ 6.** Efter indstilling fra Skatterådet fastsætter skatteministeren regler om

1) pligten for erhvervsdrivende til inden oplysningsfristens udløb, jf. §§ 11-13, at udarbejde og indgive til told- og skatteforvaltningen et skattemæssigt årsregnskab for den senest afsluttede regnskabsperiode som grundlag for indkomstopgørelsen, herunder om det regnskabsmæssige grundlag for det skattemæssige årsregnskab,

2) hvilke erhvervsdrivende der efter nr. 1 skal give supplerende oplysninger i oplysningsskemaet, jf. § 5, til brug for told- og skatteforvaltningens kontrol af grundlaget for de erhvervsdrivendes indkomstopgørelser, og

3) opbevaring af det skattemæssige årsregnskab og af regnskabsmateriale, som har betydning for opgørelsen af den erhvervsdrivendes skattepligtige indkomst, medmindre regnskabsmateriale er omfattet af bogføringslovens § 12, stk. 1.

*Stk. 2.* Indsender den skattepligtige ikke et skattemæssigt årsregnskab, eller opbevarer den skattepligtige ikke det skattemæssige årsregnskab og regnskabsmaterialet i overensstemmelse med de regler, som er udstedt i medfør af stk. 1, kan told- og skatteforvaltningen foretage en skønsmæssig ansættelse, jf. § 74.

**§ 7.** Efter indstilling fra Skatterådet fastsætter skatteministeren regler om indgivelse af og indholdet af anmodninger, der efter skattelovgivningen skal indgives i tilknytning til oplysningsskemaet.

*Skattepligtige, som modtager en årsopgørelse i stedet for et oplysningsskema*

**§ 8.** Skatteministeren fastsætter regler om,

1) hvilke skattepligtige der forud for oplysningsfristens udløb, jf. § 10, fra told- og skatteforvaltningen modtager en opgørelse af den skattepligtige indkomst og ejendomsværdi for det afsluttede indkomstår (årsopgørelse) i stedet for et oplysningsskema, jf. § 5, og

2) at visse skattepligtige, som ifølge lovgivningen forudsættes at give oplysningerne som nævnt i § 2 i et oplysningsskema, jf. § 5, i stedet modtager en årsopgørelse.

*Stk. 2.* Er en skattepligtig, som er omfattet af regler udstedt i medfør af stk. 1, samlevende med en ægtefælle, jf. kildeskattelovens § 4, der skal give oplysningerne som nævnt i § 2 efter § 5, modtager den skattepligtige dog forud for oplysningsfristens udløb alene oplysninger om indberettede tal til brug for årsopgørelsen (servicemeddelelse). Told- og skatteforvaltningen udarbejder årsopgørelsen til ægtefællerne, når begge ægtefæller har givet told- og skatteforvaltningen oplysninger som nævnt i § 2.

*Stk. 3.* En skattepligtig, som er omfattet af regler udstedt i medfør af stk. 1, eller som er omfattet af stk. 2, kan senest den 1. maj i året efter indkomståret meddele told- og skatteforvaltningen, at den pågældende for dette indkomstår giver oplysningerne som nævnt i § 2 efter § 5.

**§ 9.** En skattepligtig, som ikke modtager en årsopgørelse, jf. § 8, stk. 1, eller en servicemeddelelse, jf. § 8, stk. 2, er ikke af denne grund fritaget for at give told- og skatteforvaltningen oplysninger som nævnt i § 2.

*Oplysningsfrister*

**§ 10.** Fysiske personer, der modtager en årsopgørelse efter regler udstedt i medfør af § 8, stk. 1, skal give told- og skatteforvaltningen oplysninger som nævnt i § 2 senest den 1. maj i året efter indkomstårets udløb, jf. dog stk. 2.

*Stk. 2.* Følgende personer skal senest den 1. juli i året efter indkomstårets udløb give told- og skatteforvaltningen oplysninger som nævnt i § 2:

1) Personer, som modtager en årsopgørelse, men som ifølge lovgivningen forudsættes at indgive et oplysningsskema, jf. § 8, stk. 1, nr. 2.

2) Personer, som modtager en servicemeddelelse, jf. § 8, stk. 2.

3) Personer, som giver told- og skatteforvaltningen meddelelse som nævnt i § 8, stk. 3.

**§ 11.** Fysiske personer, som er omfattet af § 5, skal give told- og skatteforvaltningen oplysninger som nævnt i § 2 senest den 1. juli i året efter indkomstårets udløb.

**§ 12.** Juridiske personer bortset fra dødsboer omfattet af dødsboskatteloven skal give told- og skatteforvaltningen oplysninger som nævnt i § 2 senest 6 måneder efter indkomstårets udløb, jf. dog stk. 2.

*Stk. 2.* Udløber indkomståret i perioden fra og med den 1. marts til og med den 31. marts, skal oplysninger som nævnt i § 2 gives senest den 1. september samme år.

**§ 13.** Udløber oplysningsfristen i §§ 10-12 dagen før eller på en lørdag, søndag eller helligdag, anses oplysningerne for rettidigt givet, hvis den skattepligtige giver told- og skatteforvaltningen oplysningerne senest den førstkommende hverdag kl. 9.00.

**§ 14.** Told- og skatteforvaltningen kan efter den skattepligtiges anmodning forlænge oplysningsfristen efter §§ 11-13 for den pågældende, hvis særlige forhold taler herfor.

*Stk. 2.* Skatteministeren eller den, som ministeren bemyndiger dertil, kan i særlige tilfælde forlænge oplysningsfristen i §§ 10-13 for grupper af skattepligtige.

*Stk. 3.* Skatteministeren eller den, som ministeren bemyndiger dertil, kan forlænge frister i skatte- og afgiftslovgivningen, som er fastsat under hensyn til oplysningsfristerne i §§ 10-13, når det må anses for umuligt eller uforholdsmæssig vanskeligt for grupper af skattepligtige at opfylde fristerne.

*Låsning af felter i årsopgørelsen eller oplysningsskemaet (feltlåsning)*

**§ 15.** Skatteministeren kan fastsætte regler om, at nærmere angivne skattepligtige ikke kan ændre oplysninger om visse indkomster og fradrag, som indberetningspligtige efter skatteindberetningsloven har indberettet til told- og skatteforvaltningen.

*Stk. 2.* Har den skattepligtige indvendinger imod en oplysning i årsopgørelsen eller oplysningsskemaet omfattet af de regler, som ministeren har fastsat efter stk. 1, og er told- og skatteforvaltningens behandling af den skattepligtiges indvendinger ikke afsluttet ved udløbet af oplysningsfristen, anses indvendingerne som en anmodning om genoptagelse af ansættelsen efter skatteforvaltningslovens § 26, stk. 2.

*Stk. 3.* Har den skattepligtige indvendinger imod, at told- og skatteforvaltningens digitale kontroller hindrer afgivelsen af en oplysning i årsopgørelsen eller i oplysningsskemaet, og er forvaltningens behandling af den skattepligtiges indvendinger ikke afsluttet ved udløbet af oplysningsfristen, anses indvendingerne som en anmodning om genoptagelse af ansættelsen efter skatteforvaltningslovens § 26, stk. 2.

*Stk. 4.* Told- og skatteforvaltningen kan efter ansøgning give henstand med betaling af restskatten ifølge en årsopgørelse, som den skattepligtige har indvendinger imod, jf. stk. 2 og 3. Skatteforvaltningslovens § 51 om henstand med skattebetalingen finder tilsvarende anvendelse ved henstand efter 1. pkt.

Kapitel 2

*Særlige oplysningspligter om pensionsordninger og gaver*

*Pensionsordninger i udlandet*

**§ 16.** En forsikringstager m.v., der opretter en pensionsordning omfattet af pensionsbeskatningslovens afsnit II A eller anden livs- og pensionsforsikring hos forsikringsselskaber m.v. i udlandet, skal afgive en erklæring til told- og skatteforvaltningen. Erklæringen skal afgives ved oprettelse af pensionsordningen, ved udløbet af perioden på 60 måneder som nævnt i pensionsbeskatningslovens § 15 D, stk. 1, eller ved indtræden af fuld skattepligt her til landet senest 1 år efter indtræden af fuld skattepligt, men dog inden udløbet af oplysningsfristen for det indkomstår, hvor den fulde skattepligt indtræder, jf. dog stk. 3.

*Stk. 2.* Stk. 1 gælder kun for fysiske og juridiske personer, der er fuldt skattepligtige her til landet.

*Stk. 3.* Erklæringspligten efter stk. 1 gælder ikke pensionsordninger godkendt efter pensionsbeskatningslovens §§ 15 C eller 15 D og begravelsesforsikringer og lign., der er baseret på, at afkastet altid er negativt, og at et års indbetalinger anvendes til samme års udbetalinger.

*Stk. 4.* Stk. 1 og 3 om afgivelse af en erklæring ved oprettelse af en pensionsordning i udlandet m.v. gælder også for den, der efter ejerens død i henhold til bestemmelserne i policen m.v. er berettiget til udbetaling af forsikringen.

**§ 17.** Erklæringer omfattet af § 16 skal indeholde følgende oplysninger:

1) Ejerens navn, adresse og personnummer (cpr-nummer). Har ejeren ikke cpr-nummer, men virksomhedsnummer (cvr-nummer), oplyses dette. Har ejeren heller ikke cvr-nummer, men stamnummer som erhvervsdrivende (SE-nummer), oplyses dette. Har ejeren hverken cpr-nummer, cvr-nummer eller SE-nummer, oplyses fødselsdatoen, når ejeren er en fysisk person. Samme oplysninger gives om eventuelle andre forsikrede eller begunstigede efter policen.

2) Selskabets navn og adresse.

3) Oplysninger til identifikation af ordningen, herunder oplysning om ordningens art og policens litra og nummer eller lignende identifikation, og om ejeren er eneejer eller ejer af en andel af ordningen.

4) Størrelsen af de aftalte præmier eller bidrag, pensionsydelsen, indbetalingsperiodens længde og udbetalingstidspunktet.

5) Tidspunktet for oprettelse af ordningen eller indtræden af fuld skattepligt her til landet.

*Stk. 2.* Skatteministeren kan fastsætte nærmere regler om indholdet af erklæringen efter stk. 1.

**§ 18.** Erklæringer omfattet af § 16 skal, medmindre ordningen er omfattet af pensionsbeskatningslovens § 53 A, stk. 4, eller § 53 B, stk. 2, være vedlagt følgende:

1) Fuldmagt fra forsikringstageren m.v. til told- og skatteforvaltningen til indseende i ordningen i det udenlandske selskab.

2) En erklæring fra det udenlandske selskab, jf. dog § 19, hvori selskabet angiver at ville påtage sig hvert år af egen drift senest den 31. januar at sende følgende oplysninger vedrørende ordningen for det foregående kalenderår til told- og skatteforvaltningen:

    a) De oplysninger, der er nævnt i § 17, stk. 1, nr. 1 og 2, og oplysninger til identifikation af ordningen, jf. § 17, stk. 1, nr. 3.

    b) Ordningens indestående ved kalenderårets udgang.

    c) Årets udbetalinger fra ordningen.

    d) Årets afkast af ordningen opgjort efter pensionsafkastbeskatningslovens §§ 3-5, medmindre selskabet i stedet sender oplysning om årets skattepligtige afkast opgjort som forskellen mellem på den ene side forsikringens kapitalværdi ved årets udgang med tillæg af udbetalinger i årets løb og på den anden side forsikringens kapitalværdi ved årets begyndelse med tillæg af indbetalinger i årets løb, i hvilket tilfælde selskabet i stedet for oplysning om ordningens indestående ved kalenderårets udgang, jf. litra b, sender oplysning om kapitalværdien af ordningen ved kalenderårets udgang. Efter pensionsafkastbeskatningslovens § 4, stk. 1, 1. pkt., skal dog alene medregnes forskellen mellem værdien af forsikringens depot ved indkomstårets udgang korrigeret efter pensionsafkastbeskatningslovens § 4, stk. 3, og værdien af forsikringens depot ved indkomstårets begyndelse korrigeret efter pensionsafkastbeskatningslovens § 4, stk. 4.

    e) Oplysning om ordningens ophør eller overdragelse med angivelse af tidspunktet for dette.

*Stk. 2.* Skatteministeren kan fastsætte nærmere regler om afgivelse af oplysninger efter stk. 1.

**§ 19.** Indsender ejeren ikke en erklæring fra det udenlandske selskab efter § 18, stk. 1, nr. 2, til told- og skatteforvaltningen, skal ejeren selv inden udløbet af oplysningsfristen, jf. §§ 10-13, give told- og skatteforvaltningen oplysninger som nævnt i § 18, stk. 1, nr. 2, for det forudgående kalenderår.

**§ 20.** Indsender det udenlandske selskab ikke oplysninger til told- og skatteforvaltningen rettidigt som nævnt i § 18, stk. 1, nr. 2, eller har ejeren ikke indsendt oplysningerne til told- og skatteforvaltningen inden udløbet af oplysningsfristen, jf. § 19, kan told- og skatteforvaltningen pålægge den eller dem, der råder over ordningen i forhold til selskabet, at opsige ordningen.

**§ 21.** §§ 16-20 gælder også for pensionsordninger i udenlandske pensionskasser og pensionsfonde og hos andre, der udbetaler pensioner.

*Placering af pensionsmidler i særlige opsparingsordninger og deponering*

**§ 22.** Anbringer en pensionsopsparer midler anbragt i særskilte depoter tilknyttet en af de opsparingsordninger, der er omfattet af pensionsbeskatningslovens §§ 11 A, 12, 12 A, 13, 15 A eller 15 B, jf. § 11 A, i et kommanditselskab eller kommanditaktieselskab, skal pensionsopspareren afgive dokumentation for ejerskabet til det pengeinstitut, hvor pensionsordningen er anbragt. Dokumentationen skal være udarbejdet af det pågældende kommanditselskab eller kommanditaktieselskab.

*Stk. 2.* Anbringer en pensionsopsparer midler anbragt i særskilte depoter tilknyttet en pensionsordning som nævnt i stk. 1 i værdipapirer, som ikke er registreret i en værdipapircentral, skal pensionsopspareren deponere værdipapirerne i et pengeinstitut eller hos udstederen af værdipapiret. Ved deponering i et andet pengeinstitut end det pengeinstitut, hvor pensionsordningen er anbragt, eller hos udstederen af værdipapiret skal

pensionsopspareren afgive dokumentation for deponeringen til det pengeinstitut, hvor pensionsordningen er anbragt.

*Stk. 3.* For pensionsordninger omfattet af pensionsbeskatningslovens § 15 C skal det pengeinstitut, hvor pensionsordningen er anbragt, sende en meddelelse til kommanditselskabet eller kommanditaktieselskabet, det unoterede selskab, forvalteren af en alternativ investeringsfond eller det andet depotførende pengeinstitut, hvoraf det fremgår, at alle fremtidige betalinger, herunder udbytte og provenu fra afståelse, skal ske til depotet i det pengeinstitut, hvor pensionsordningen er anbragt, og at pensionsopspareren kun kan disponere over kapitalandelene ved afståelse. Pensionsopspareren skal give pengeinstituttet samtykke til, at pengeinstituttet skal sende meddelelsen.

*Stk. 4.* Kun fysiske personer, der er skatte- eller afgiftspligtige af udbetalinger fra pensionsordningen eller af afkastet efter enten pensionsbeskatningsloven eller pensionsafkastbeskatningsloven, skal opfylde pligten i stk. 2 og afgive samtykket i stk. 3.

### Anmeldelse af gaver over et grundbeløb til ikke fuldt skattepligtige

**§ 23.** Fysiske og juridiske personer, der er fuldt skattepligtige her til landet, og som yder en gave til en værdi over et grundbeløb på 58.700 kr. (2010-niveau) til en person, der ikke er fuldt skattepligtig her til landet, skal ved afgivelse af gaven oplyse told- og skatteforvaltningen om gavemodtagerens identitet, jf. stk. 3, om eventuelt slægtskabsforhold mellem giver og modtager og om gavens værdi, jf. dog stk. 2.

*Stk. 2.* Gavegiverens oplysningspligt efter stk. 1 gælder dog ikke, hvis der skal ske gaveanmeldelse til told- og skatteforvaltningen efter boafgiftslovens § 26.

*Stk. 3.* Oplysningspligten efter stk. 1 omfatter oplysninger om navn, adresse og personnummer (cpr-nummer). Har modtageren ikke cpr-nummer, men virksomhedsnummer (cvr-nummer), oplyses dette. Har modtageren heller ikke cvr-nummer, men stamnummer som erhvervsdrivende (SE-nummer), oplyses dette. Har modtageren hverken cpr-nummer, cvr-nummer eller SE-nummer, oplyses fødselsdatoen, når modtageren er en fysisk person, og et eventuelt skatteidentifikationsnummer (TIN-nummer) i hjemlandet.

*Stk. 4.* Grundbeløbet i stk. 1 reguleres efter personskattelovens § 20.

### Kapitel 3

### Særlige oplysningspligter for erhvervsdrivende

### Ejer- og medlemsfortegnelse i selskaber m.v.

**§ 24.** Selskaber m.v. omfattet af selskabsskattelovens § 1, stk. 1, nr. 2-6, skal føre en fortegnelse over samtlige ejere og medlemmer, jf. dog § 26, stk. 1. Nye ejere og nye medlemmer skal senest 2 uger efter henholdsvis ejerskabets og medlemskabets indtræden skriftligt underrette selskabet m.v. om deres identitet. Ved ejere og medlemmers udtræden skal selskabet senest 2 uger efter ejerskabets og medlemskabets ophør skriftligt underrettes herom.

*Stk. 2.* Kommanditselskaber omfattet af § 2, stk. 2, i lov om visse erhvervsdrivende virksomheder skal føre en fortegnelse over alle komplementarer og kommanditister i kommanditselskabet, jf. dog § 26, stk. 1. Nye deltagere skal senest 2 uger efter ejerskabets indtræden skriftligt underrette selskabet om deres identitet. Ved deltagerens udtræden skal selskabet senest 2 uger efter ejerskabets ophør skriftligt underrettes herom.

*Stk. 3.* Trustees og administratorer af truster og andre lignende retlige arrangementer skal være i besiddelse af identifikationsoplysninger om andre trustees og administratorer i trusten og om protektorer og stiftere samt identifikationsoplysninger om begunstigede. Trustee eller administrator skal være i besiddelse af identifikationsoplysninger om de personer eller den persongruppe, der kan blive begunstiget af uddelinger fra trusten, hvis de enkelte begunstigede endnu ikke kan identificeres. 2. pkt. finder ikke anvendelse, for så vidt angår begunstigede, der kan blive begunstiget af uddelinger til almenvelgørende eller på anden måde almennyttige formål. 1. pkt. finder kun anvendelse, når trustee eller administrator er bosiddende eller hjemmehørende i Danmark eller virksomheden udøves fra et fast driftssted i Danmark.

**§ 25.** Identifikationsoplysningerne efter § 24 omfatter navn, adresse, hjemland og personnummer (cpr-nummer). Har den person, hvorom der skal foreligge identifikationsoplysninger, ikke cpr-nummer, men virksomhedsnummer (cvr-nummer), oplyses dette. Har personen heller ikke cvr-nummer, men stamnummer som erhvervsdrivende (SE-nummer), oplyses dette. Har personen hverken cpr-nummer, cvr-nummer eller SE-nummer, oplyses fødselsdatoen, når den pågældende er en fysisk person, og et eventuelt skatteidentifikationsnummer (TIN-nummer) i hjemlandet.

**§ 26.** Har et selskab omfattet af § 24, stk. 1 eller 2, registreret oplysningerne i Det Offentlige Ejerregister, jf. selskabslovens § 58 sammenholdt med § 15 f i lov om visse erhvervsdrivende virksomheder, skal selskabet ikke føre en fortegnelse over ejerne og medlemmerne. Selskabet skal dog føre en fortegnelse over ejere og medlemmer, som besidder under 5 pct. af selskabskapitalen og råder over mindre end 5 pct. af den samlede stemmeværdi i selskabet.

*Stk. 2.* Selskaber omfattet af selskabsskattelovens § 1, stk. 1, nr. 2, skal samtidig med indgivelsen af oplysningsskemaet give oplysninger som nævnt i § 25 om dem, der i indkomståret har besiddet mindst 5 pct. af selskabskapitalen eller har rådet over mindst 5 pct. af den samlede stemmeværdi i selskabet.

**§ 27.** Selskaber m.v. skal opbevare oplysningerne som nævnt i §§ 24 og 25 i mindst 5 år fra udgangen af det indkomstår, oplysningerne vedrører, medmindre oplysningerne er registreret i Det Offentlige Ejerregister, jf. § 26, stk. 1.

*Regnskabsføring i fremmed valuta*

**§ 28.** Den regnskabsføring, der skal lægges til grund for en skattemæssig opgørelse, kan foretages i fremmed valuta efter reglerne i bogføringsloven og årsregnskabsloven.

*Stk. 2.* Pligtmæssige oplysninger om beløb efter denne lov til danske skattemyndigheder skal angives i danske kroner.

**§ 29.** Følgende skattepligtige kan foretage omregning efter stk. 2:

1) Juridiske personer omfattet af selskabsskattelovens § 1 eller § 2, stk. 1, litra a eller b, eller kulbrinteskattelovens § 3.

2) Juridiske personer omfattet af fondsbeskatningslovens § 1.

3) Fysiske personer omfattet af kildeskattelovens § 1 eller § 2, stk. 1, nr. 4 eller 5, og dødsboer omfattet af dødsboskatteloven ved opgørelsen af indkomst fra selvstændig erhvervsmæssig virksomhed.

4) Fysiske personer omfattet af kulbrinteskattelovens § 3 ved opgørelsen af indkomst efter kulbrinteskatteloven.

*Stk. 2.* Skattepligtige som nævnt i stk. 1 kan udarbejde det skattemæssige årsregnskab i en fremmed valuta og omregne resultatet til danske kroner, jf. dog § 31, stk. 2. Opgørelser m.v. af betydning for skatteansættelsen foretages i den valgte fremmede valuta inden omregningen af resultatet til danske kroner.

*Stk. 3.* En skattepligtig, der aflægger årsrapport efter International Accounting Standards (IAS) eller International Financial Reporting Standards (IFRS), kan alene vælge at udarbejde det skattemæssige årsregnskab i sin funktionelle valuta eller danske kroner.

*Stk. 4.* Det er en betingelse for anvendelse af stk. 2, at den skattepligtige inden begyndelsen af det første indkomstår, for hvilket der vælges en anden valuta end danske kroner, har indgivet meddelelse til told- og skatteforvaltningen om, hvilken valuta der ønskes anvendt, og om, hvilken centralbanks kurs der ønskes anvendt ved omregningen af resultatet, jf. § 31, stk. 1.

*Stk. 5.* Told- og skatteforvaltningen kan i særlige tilfælde dispensere fra fristen i stk. 4.

*Stk. 6.* Den skattepligtige skal bogføre i den pågældende valuta eller sørge for, at bogføringen indeholder oplysninger, som til enhver tid gør det muligt at omregne til den pågældende valuta.

**§ 30.** Told- og skatteforvaltningen kan efter ansøgning tillade, at det skattemæssige årsregnskab for efterfølgende indkomstår udarbejdes i en anden valuta end den, der tidligere er valgt efter § 29, stk. 2, hvis ændringen er begrundet i virksomhedens eller koncernens forhold.

*Stk. 2.* Det er en betingelse, at den skattepligtige inden begyndelsen af det indkomstår, for hvilket der ønskes anvendt en anden valuta end den, der tidligere er valgt, har indgivet meddelelse til told- og skatteforvaltningen om, hvilken ny valuta der ønskes anvendt, og om, hvilken centralbanks kurs der ønskes anvendt ved omregningen af resultatet, jf. § 31, stk. 1. Told- og skatteforvaltningen kan i særlige tilfælde dispensere fra fristen i 1. pkt.

**§ 31.** Omregningen af resultatet til danske kroner, jf. § 29, stk. 2, 1. pkt., skal ske til en gennemsnitskurs for indkomståret. Ved omregning af resultatet skal der anvendes en valutakurs fastsat af en centralbank.

*Stk. 2.* Den skattepligtige kan for efterfølgende indkomstår vælge en anden centralbanks valutakurs end den, der er valgt efter stk. 1, 2. pkt. Det er en betingelse, at der er indgivet meddelelse herom til told- og skatteforvaltningen inden indkomstårets begyndelse.

*Stk. 3.* Ved omregning af indkomstårets transaktioner anvendes den centralbanks valutakurser, der er valgt efter stk. 1, 2. pkt. Offentliggør denne centralbank ikke valutakurser for den valuta, som transaktionen er foretaget i, kan den skattepligtige anvende en valutakurs fastsat af en anden centralbank.

*Stk. 4.* Udarbejder den skattepligtige det skattemæssige årsregnskab i fremmed valuta, skal den skattepligtige tillige omregne uudnyttede tab omfattet af aktieavancebeskatningslovens §§ 9 og 13 A, ejendomsavancebeskatningslovens § 6 og kursgevinstlovens §§ 31-32 efter stk. 1.

**§ 32.** Overgår en skattepligtig til at udarbejde det skattemæssige årsregnskab i en ny valuta efter § 29, stk. 2, eller § 30, stk. 1, skal der foretages en opgørelse i den valgte valuta af samtlige anskaffelsessummer, afskrivningsgrundlag, foretagne afskrivninger og øvrige elementer, som indgår i indkomstopgørelsen.

*Stk. 2.* Opgørelsen foretages ved omregning af de hidtidige anskaffelsessummer m.v. med valutakursen på tidspunktet for indgangen til det første indkomstår, hvori den nye valuta anvendes, jf. dog § 33. Ved omregning anvendes den efter § 29, stk. 4, eller § 30, stk. 1, valgte centralbanks valutakurser. Offentliggør centralbanken ikke valutakurser på den valuta, som transaktionen er foretaget i, kan den skattepligtige anvende en valutakurs fastsat af en anden centralbank.

**§ 33.** Medfører en virksomhedsomdannelse omfattet af lov om skattefri virksomhedsomdannelse, en ændring af skattemæssig kvalifikation efter selskabsskattelovens § 2 C eller en fusion, en spaltning eller en tilførsel af aktiver omfattet af fusionsskatteloven eller selskabsskattelovens § 8 A overgang til en ny valuta, sker omregningen af anskaffelsessummer, afskrivningsgrundlag og foretagne afskrivninger samt øvrige elementer, som

indgår i indkomstopgørelsen, jf. § 32, med valutakursen på vedtagelsestidspunktet for omdannelsen m.v., jf. dog stk. 2 om omdannelser m.v. med tilbagevirkende kraft.

*Stk. 2.* Gennemføres virksomhedsomdannelsen, ændringen af skattemæssig kvalifikation, fusionen, spaltningen eller tilførslen af aktiver med tilbagevirkende kraft, sker omregningen efter stk. 1 alene for de aktiver og passiver, der er i behold på vedtagelsestidspunktet, mens omregningen efter stk. 1 for aktiver og passiver, der er afstået i perioden mellem virkningstidspunktet og vedtagelsestidspunktet, sker til valutakursen på afståelsestidspunktet.

**§ 34.** Deltager en skattepligtig som nævnt i § 29, stk. 1, nr. 3 eller 4, i en virksomhed, kan den skattepligtige ved anvendelsen af bestemmelserne i §§ 29-33 behandle virksomheden uafhængigt af sin øvrige erhvervsvirksomhed, hvis

1) mindst én af deltagerne hæfter personligt for virksomhedens forpligtelser,

2) den skattepligtige ikke har bestemmende indflydelse på virksomheden, jf. § 37, nr. 1, eller på anden vis på grund af vedtægtsbestemmelse, aftale eller fælles ledelse har kontrol med virksomheden og

3) virksomheden aflægger regnskab i en fremmed valuta.

*Stk. 2.* Den skattepligtige kan for hver enkelt virksomhed omfattet af stk. 1 alene vælge, at omregningen m.v. skal ske fra den valuta, som den pågældende virksomhed aflægger regnskab i.

*Stk. 3.* Stk. 1 finder anvendelse, uanset at den skattepligtige udarbejder et skattemæssigt årsregnskab, som er udarbejdet i danske kroner.

*Stk. 4.* Det er en betingelse for at behandle virksomheden efter stk. 1, at den skattepligtige i forbindelse med meddelelsen til told- og skatteforvaltningen efter § 29, stk. 4, eller § 30, stk. 2, ligeledes indgiver meddelelse om, for hvilke af den skattepligtiges virksomheder stk. 1 ønskes anvendt.

*Stk. 5.* Erhverver den skattepligtige andel i en virksomhed omfattet af stk. 1 i løbet af indkomståret, kan stk. 1 alene finde anvendelse for denne virksomhed, hvis den skattepligtige senest 14 dage efter erhvervelsen indgiver meddelelse til told- og skatteforvaltningen om, at den skattepligtige for den pågældende virksomhed ønsker at anvende stk. 1. Told- og skatteforvaltningen kan i særlige tilfælde dispensere fra fristen.

**§ 35.** Deltager en skattepligtig som nævnt i § 29, stk. 1, nr. 3 eller 4, der udarbejder skattemæssigt årsregnskab i en fremmed valuta efter reglerne i §§ 29-33, i en virksomhed, kan den skattepligtige undlade at anvende bestemmelserne i §§ 29-33 på denne virksomhed, således at virksomheden behandles uafhængigt af den skattepligtiges øvrige erhvervsvirksomhed, hvis

1) mindst én af deltagerne hæfter personligt for virksomhedens forpligtelser,

2) den skattepligtige ikke har bestemmende indflydelse på virksomheden, jf. § 37, nr. 1, eller på anden vis på grund af vedtægtsbestemmelse, aftale eller fælles ledelse har kontrol med virksomheden og

3) virksomheden aflægger regnskab i danske kroner.

*Stk. 2.* Det er en betingelse for anvendelsen af stk. 1, at den skattepligtige i forbindelse med meddelelsen til told- og skatteforvaltningen efter § 29, stk. 4, eller § 30, stk. 2, ligeledes indgiver meddelelse om, for hvilke af den skattepligtiges virksomheder stk. 1 ønskes anvendt.

*Stk. 3.* Erhverver den skattepligtige andel i en virksomhed omfattet af stk. 1 i løbet af indkomståret, kan stk. 1 alene finde anvendelse for denne virksomhed, hvis den skattepligtige senest 14 dage efter erhvervelsen indgiver meddelelse til told- og skatteforvaltningen om, at den skattepligtige for den pågældende virksomhed ønsker at anvende stk. 1. Told- og skatteforvaltningen kan i særlige tilfælde dispensere fra fristen.

*Revisorerklæring fra finansieringsselskaber*

**§ 36.** Finansieringsselskaber, der efter kursgevinstlovens § 25, stk. 8, har valgt at anvende reglerne i kursgevinstlovens § 25, stk. 7, skal sammen med selskabets oplysningsskema for det pågældende indkomstår indsende en erklæring afgivet af en statsautoriseret revisor, hvorved det attesteres, at de regnskabsmæssige nedskrivninger på udlån og hensættelser på garantier m.v. er foretaget i overensstemmelse med reglerne i årsregnskabslovens afsnit V, herunder at selskabet har kalenderåret som regnskabsår. Endvidere skal erklæringen indeholde oplysning om, hvorvidt selskabet opfylder betingelsen i kursgevinstlovens § 25, stk. 10, nr. 2.

Kapitel 4

*Transfer pricing*

*Oplysningspligter og skriftlig dokumentation*

**§ 37.** Ved følgende begreber i denne paragraf og i §§ 38-46 forstås:

1) Bestemmende indflydelse: Herved forstås ejerskab eller rådighed over stemmerettigheder, således at der direkte eller indirekte ejes mere end 50 pct. af aktiekapitalen eller rådes over mere end 50 pct. af stemmerne. Ved bedømmelsen af, om den skattepligtige anses for at have bestemmende indflydelse på en juridisk person, eller om der udøves en bestemmende indflydelse over den skattepligtige af en juridisk eller fysisk person,

medregnes aktier og stemmerettigheder, som indehaves af koncernforbundne selskaber, jf. nr. 2, af personlige aktionærer og deres nærtstående, jf. nr. 5, eller af fonde eller truster stiftet af moderselskabet selv eller af de nævnte koncernforbundne selskaber, nærtstående m.v. eller af fonde eller truster stiftet af disse. Tilsvarende medregnes ejerandele og stemmerettigheder, som indehaves af andre selskabsdeltagere, med hvem selskabsdeltageren har en aftale om udøvelse af fælles bestemmende indflydelse. Tilsvarende medregnes ejerandele og stemmerettigheder, som indehaves af en person eller et dødsbo i fællesskab med nærtstående eller i fælleskab med en fond eller trust stiftet af den skattepligtige eller dennes nærtstående eller fonde eller truster stiftet af disse.

2) Koncernforbundne juridiske personer: Herved forstås juridiske personer, hvor samme kreds af selskabsdeltagere har bestemmende indflydelse, eller hvor der er fælles ledelse.

3) Juridiske personer: Herved forstås selvstændige skattesubjekter, uanset om de er skattepligtige. I nr. 2 og nr. 6, litra a, skal selskaber og foreninger m.v., der efter danske skatteregler ikke udgør et selvstændigt skattesubjekt, men hvis forhold er reguleret af selskabsretlige regler, en selskabsaftale eller en foreningsvedtægt, sidestilles med juridiske personer.

4) Udenlandsk fysisk eller juridisk person: Herved forstås en person, der er hjemmehørende på Færøerne, i Grønland eller i en fremmed stat, herunder efter bestemmelserne i en dobbeltbeskatningsoverenskomst.

5) Nærtstående: Herved forstås i nr. 1 den skattepligtiges ægtefælle, forældre og bedsteforældre samt børn og børnebørn og disses ægtefæller eller dødsboer efter de nævnte personer. Stedbarns- og adoptivforhold sidestilles med oprindeligt slægtskabsforhold.

6) Kontrollerede transaktioner: Herved forstås transaktioner mellem

a) en skattepligtig og en fysisk eller juridisk person, der udøver en bestemmende indflydelse over den skattepligtige,

b) en skattepligtig og en juridisk person, som den skattepligtige udøver en bestemmende indflydelse over,

c) en skattepligtig og en juridisk person, der er koncernforbundet med den skattepligtige,

d) en skattepligtig og dennes faste driftssted beliggende i udlandet,

e) en skattepligtig, der er en udenlandsk fysisk eller juridisk person, og dennes faste driftssted i Danmark eller

f) en skattepligtig, der er en udenlandsk fysisk eller juridisk person, og dennes kulbrintetilknyttede virksomhed omfattet af kulbrinteskattelovens § 21, stk. 1 eller 4.

**§ 38.** Skattepligtige skal i oplysningsskemaet give told- og skatteforvaltningen oplysninger om art og omfang af handelsmæssige eller økonomiske transaktioner, når der er tale om kontrollerede transaktioner.

**§ 39.** Skattepligtige omfattet af § 38, som ikke er fritaget efter § 40, stk. 1, skal udarbejde og opbevare skriftlig dokumentation af en sådan art, at den kan danne grundlag for en vurdering af, om priser og vilkår for kontrollerede transaktioner er fastsat, i overensstemmelse med hvad der kunne have været opnået, hvis transaktionerne var afsluttet mellem uafhængige parter, jf. dog stk. 2 og 4. Den skriftlige dokumentation skal dog alene udarbejdes i følgende situationer:

1) Den ene part i den kontrollerede transaktion er en udenlandsk fysisk eller juridisk person, jf. § 37, nr. 4, eller udgør et fast driftssted beliggende på Færøerne, i Grønland eller i en fremmed stat, herunder efter bestemmelserne i en dobbeltbeskatningsoverenskomst. Den skriftlige dokumentation skal dog ikke udarbejdes, hvis alle parter i den kontrollerede transaktion er faste driftssteder beliggende i Danmark af selskaber beliggende på Færøerne, i Grønland eller i en fremmed stat, herunder efter bestemmelserne i en dobbeltbeskatningsoverenskomst, eller hovedkontorer af selskaber hjemmehørende i Danmark.

2) Den ene part i den kontrollerede transaktion beskattes efter tonnageskatteloven, medmindre alle parterne i den kontrollerede transaktion kun beskattes efter tonnageskatteloven. Den skriftlige dokumentation skal også udarbejdes, hvor den skattepligtige opgør indkomst omfattet af tonnageskattelovens § 13, stk. 2.

3) Den ene part i den kontrollerede transaktion beskattes efter kulbrinteskatteloven, medmindre alle parterne i den kontrollerede transaktion kun beskattes efter kulbrinteskatteloven.

4) Den ene part i den kontrollerede transaktion er omfattet af selskabsskattelovens § 1, stk. 1, nr. 3, medmindre alle parterne i den kontrollerede transaktion er omfattet af selskabsskattelovens § 1, stk. 1, nr. 3.

5) Den ene part i den kontrollerede transaktion er omfattet af selskabsskattelovens § 17 A, medmindre alle parterne i den kontrollerede transaktion er omfattet af selskabsskattelovens § 17 A.

6) Den ene part i den kontrollerede transaktion er omfattet af selskabsskattelovens § 1, stk. 1, nr. 6.

7) Den ene part i den kontrollerede transaktion er omfattet af selskabsskattelovens § 3.

8) Hvor den skattepligtiges indkomst skal opgøres efter kildeskattelovens § 2, stk. 8, selskabsskattelovens § 2, stk. 7, eller selskabsskattelovens § 8, stk. 6.

*Stk. 2.* Den skattepligtige skal ikke udarbejde skriftlig dokumentation for kontrollerede transaktioner, der i omfang og hyppighed er uvæsentlige.

*Stk. 3.* Den skriftlige dokumentation efter stk. 1 skal udarbejdes løbende og indgives til told- og skatteforvaltningen senest 60 dage efter fristen for indgivelse af oplysningsskemaet, jf. §§ 11-13. Told- og skatteforvaltningen kan efter den skattepligtiges anmodning forlænge fristen efter 1. pkt. for den pågældende, hvis særlige forhold taler for det.

*Stk. 4.* Den skattepligtige skal udarbejde yderligere skriftlig dokumentation i form af databaseundersøgelser, hvis told- og skatteforvaltningen anmoder herom. Told- og skatteforvaltningen fastsætter en frist for indsendelsen heraf. Fristen kan ikke være på mindre end 60 dage.

**§ 40.** Skattepligtige, der alene eller sammen med koncernforbundne virksomheder, jf. stk. 2, har under 250 beskæftigede og enten har en årlig samlet balance på under 125 mio. kr. eller en årlig omsætning på under 250 mio. kr., skal alene udfærdige og opbevare skriftlig dokumentation for, hvorledes priser og vilkår er fastsat for

1) kontrollerede transaktioner med fysiske og juridiske personer, der er hjemmehørende i en fremmed stat, der ikke har en

    dobbeltbeskatningsoverenskomst med Danmark, og som samtidig ikke er medlem af EU eller EØS,

2) kontrollerede transaktioner med et fast driftssted, der er beliggende i en fremmed stat, der ikke har en dobbeltbeskatningsoverenskomst med

    Danmark, og som samtidig ikke er medlem af EU eller EØS, og

3) kontrollerede transaktioner med et fast driftssted, der er beliggende i Danmark, forudsat at den skattepligtige, jf. § 37, nr. 6, litra e, er

    hjemmehørende i en fremmed stat, der ikke har en dobbeltbeskatningsoverenskomst med Danmark, og som samtidig ikke er medlem af EU eller

    EØS.

*Stk. 2.* Ved opgørelsen af antal beskæftigede og den årlige samlede balance eller den årlige omsætning i stk. 1 medregnes juridiske personer, der er koncernforbundne med den skattepligtige, jf. kursgevinstlovens § 4, stk. 2. Ved opgørelse af den samlede balance bortses dog fra gæld og fordringer mellem den skattepligtige og koncernforbundne juridiske personer samt kapitalandele i koncernforbundne juridiske personer ejet af den skattepligtige og koncernforbundne juridiske personers kapitalandele i den skattepligtige. Ved opgørelse af omsætningsgrænsen bortses fra omsætning mellem den skattepligtige og koncernforbundne juridiske personer.

**§ 41.** (Ophævet)

**§ 42.** Told- og skatteforvaltningen fastsætter regler for indholdet af den skriftlige dokumentation, jf. § 39. De fastsatte regler skal godkendes af Skatterådet.

*Revisorerklæring*

**§ 43.** Told- og skatteforvaltningen kan pålægge virksomheder omfattet af § 38 eller § 40, stk. 1, at indsende en erklæring som nævnt i revisorlovens § 1, stk. 2, om den dokumentation for kontrollerede transaktioner, som virksomheden har indsendt til told- og skatteforvaltningen efter § 39, stk. 3 og 4. Erklæringspålægget kan omfatte alle indkomstår, som dokumentationen for kontrollerede transaktioner omfatter, i det omfang fristen for ændring af skatteansættelserne for indkomstårene efter skatteforvaltningslovens § 26, stk. 5, ikke er udløbet på det tidspunkt, hvor erklæringen forventes indsendt, jf. stk. 4.

*Stk. 2.* Det er en betingelse for erklæringspålægget efter stk. 1, at virksomheden har haft kontrollerede transaktioner med fysiske eller juridiske personer i lande uden for EU eller EØS, med hvilke Danmark ikke har indgået en dobbeltbeskatningsoverenskomst, eller at virksomheden ifølge virksomhedens årsrapporter har haft gennemsnitligt driftsmæssigt underskud i 4 på hinanden følgende indkomstår, hvoraf det seneste er det indkomstår, for hvilket erklæringspålægget gives.

*Stk. 3.* Det er endvidere en betingelse for erklæringspålægget efter stk. 1, at det for kontrollen af virksomhedens skattemæssige forhold er hensigtsmæssigt og relevant for told- og skatteforvaltningen, at virksomheden indhenter erklæringen.

*Stk. 4.* Det driftsmæssige underskud som nævnt i stk. 2, 1. pkt., opgøres for hvert enkelt selskab og måles som resultat af primær drift før finansiering, ekstraordinære poster og skat. Dog anvendes for forsikringsvirksomheder et forsikringsteknisk resultat som mål for driftsresultatet. For øvrige finansielle virksomheder anvendes resultat før skat som mål for driftsresultatet.

*Stk. 5.* Fristen for indsendelse af erklæringen som nævnt i stk. 1 skal være mindst 90 dage regnet fra pålæggets datering. Pålægget kan tidligst gives 7 dage efter modtagelsen af dokumentationen, jf. § 39, stk. 3 og 4.

**§ 44.** Told- og skatteforvaltningens afgørelse om et erklæringspålæg efter § 43, stk. 1, kan ikke påklages til anden administrativ myndighed, jf. dog stk. 2 og 3.

*Stk. 2.* Told- og skatteforvaltningens afgørelse om et erklæringspålæg efter § 43, stk. 1, kan påklages til Landsskatteretten, jf. skatteforvaltningslovens § 11, stk. 1, nr. 1, og denne paragrafs stk. 4, hvis told- og skatteforvaltningen henlægger sagen uden at gennemføre en ændring af virksomhedens skattepligtige indkomst foretaget på baggrund af den indsendte dokumentation, eller hvis forvaltningen gennemfører en nedsættelse af den skattepligtige indkomst foretaget på baggrund af den indsendte dokumentation.

*Stk. 3.* Told- og skatteforvaltningens afgørelse om et erklæringspålæg efter § 43, stk. 1, kan prøves ved Landsskatteretten, jf. skatteforvaltningslovens § 11, stk. 1, nr. 1, i forbindelse med en klage over en ændring af virksomhedens skattepligtige indkomst foretaget på baggrund af den indsendte dokumentation, jf. stk. 4.

*Stk. 4.* Fristen for at klage til Landsskatteretten efter stk. 2 er 3 måneder regnet fra told- og skatteforvaltningens underretning til virksomheden om henlæggelsen eller nedsættelsen. Fristen for at klage til Landsskatteretten efter stk. 3 er 3 måneder regnet fra told- og skatteforvaltningens afgørelse om ændring af virksomhedens skattepligtige indkomst.

**§ 45.** Told- og skatteforvaltningen kan fastsætte nærmere regler om indhold og afgivelse af erklæringen efter § 43.

*Skønsmæssig ansættelse*

**§ 46.** Har en skattepligtig omfattet af § 38 eller § 40, stk. 1, ikke udarbejdet dokumentation for kontrollerede transaktioner efter § 39 rettidigt eller indsendt revisorerklæring efter § 43, stk. 1, kan told- og skatteforvaltningen efter udløbet af oplysningsfristen i §§ 11-13 for det pågældende indkomstår foretage en skønsmæssig ansættelse, for så vidt angår de kontrollerede transaktioner for dette indkomstår, i overensstemmelse med ligningslovens § 2, stk. 1. Dokumentationen kan kun anses for at være udarbejdet rettidigt, hvis den er udarbejdet og indgivet i overensstemmelse med § 39, stk. 3.

*Stk. 2.* Har den skattepligtige ikke i forbindelse med told- og skatteforvaltningens kontrol af dokumentationen efter § 39 efterkommet anmodning om indsendelse af regnskabsmateriale m.v. efter § 53, stk. 1, gælder stk. 1 om skønsmæssig ansættelse.

*Stk. 3.* Stk. 2 gælder også, hvis den skattepligtige ikke skal udarbejde dokumentation efter § 40.

*Land for land-rapport*

**§ 47.** Ved følgende begreber i denne paragraf og i §§ 48-52 forstås:

1) Land for land-rapport: En rapport, som en koncern indgiver til told- og skatteforvaltningen om koncernens økonomiske aktiviteter i hvert enkelt land i hele verden.

2) Koncern: En gruppe af virksomheder, der er forbundet med hinanden gennem ejerskab eller kontrol, således at de skal udarbejde et konsolideret koncernregnskab efter de årsregnskabsregler, der anvendes af koncernen, eller skulle have udarbejdet et sådant, hvis et eller flere af selskaberne var børsnoterede.

3) Multinational koncern: En koncern, der har koncernselskaber i mere end én skattejurisdiktion.

4) Koncernselskab:

   a) Enhver virksomhed i den multinationale koncern, som optræder som en separat enhed i det konsoliderede koncernregnskab eller ville have optrådt sådan, hvis koncernen skulle have udarbejdet et konsolideret koncernregnskab, hvis et eller flere af selskaberne var børsnoterede.

   b) Enhver virksomhed, der er udeladt i det konsoliderede koncernregnskab alene på grund af virksomhedens størrelse eller uvæsentlighed.

   c) Ethvert fast driftssted af en virksomhed omfattet af litra a eller b, hvis der udarbejdes et separat regnskab for det faste driftssted af hensyn til aflæggelse af årsregnskab eller af skatteregnskab eller af hensyn til eksterne tilsynsformål eller koncerninterne managementkontrolformål.

5) Ultimativt moderselskab: Et koncernselskab, der i en multinational koncern opfylder følgende kriterier:

   a) Koncernselskabet har direkte eller indirekte tilstrækkelig indflydelse over et eller flere andre koncernselskaber i den multinationale koncern, hvorved selskabet er forpligtet til at udarbejde et konsolideret koncernregnskab efter de regler, der gælder, hvor det er skattemæssigt hjemmehørende, eller skulle have udarbejdet et sådant, hvis det var børsnoteret.

   b) Der er ikke et andet koncernselskab i den multinationale koncern, som direkte eller indirekte har tilstrækkelig indflydelse over selskabet nævnt i litra a.

6) Omsætning: Indtægter, der opstår i forbindelse med en virksomheds ordinære drift, herunder varesalg, levering af tjenesteydelser, honorarer, renter, udbytte og royalties.

7) Stedfortrædende moderselskab: Et koncernselskab, der i overensstemmelse med § 49, stk. 2, er udpeget til at indgive land for land-rapporten i det land, hvor det er skattemæssigt hjemmehørende, når en eller flere af betingelserne i § 49, stk. 1, nr. 2, er opfyldt.

8) Aftale mellem de kompetente myndigheder: En international aftale mellem de kompetente skattemyndigheder i de relevante jurisdiktioner, som kræver automatisk udveksling af land for land-rapporter mellem landene.

9) International aftale om udveksling af skatteoplysninger: Enhver dobbeltbeskatningsoverenskomst, anden international overenskomst eller konvention eller administrativt indgået aftale om bistand i skattesager, der medfører, at der mellem Danmark og en eller flere jurisdiktioner kan udveksles skatteoplysninger, herunder automatisk udveksling af oplysninger.

10) Systemisk fejl vedrørende en jurisdiktion: Når der eksisterer en aftale mellem den kompetente myndighed i Danmark og myndigheden i den pågældende jurisdiktion, men myndigheden i jurisdiktionen har suspenderet den automatiske udveksling af andre grunde end dem, der er fastsat i aftalen mellem den kompetente myndighed i Danmark og myndigheden i den pågældende jurisdiktion, eller på anden måde gentagne gange har

undladt automatisk at udveksle land for land-rapporter med Danmark i tilfælde, hvor den multinationale koncern har koncernselskaber i Danmark.

**§ 48.** En multinational koncerns ultimative moderselskab, som er skattemæssigt hjemmehørende i Danmark efter selskabsskattelovens § 1 eller fondsbeskatningslovens § 1, skal til told- og skatteforvaltningen indgive en land for land-rapport for 1 indkomstår, hvis koncernen har en konsolideret omsætning på mindst 5,6 mia. kr. i regnskabsåret forud for det indkomstår, der skal rapporteres for.

*Stk. 2.* Land for land-rapporten skal indgives senest 12 måneder efter den sidste dag i det indkomstår, som land for land-rapporten skal indgives for.

**§ 49.** Et koncernselskab, som ikke er det ultimative moderselskab, skal indgive land for land-rapporten inden for den frist, der er nævnt i § 48, stk. 2, jf. dog § 50, hvis følgende betingelser er opfyldt:

1) Koncernselskabet er skattemæssigt hjemmehørende i Danmark efter selskabsskattelovens § 1, og

2) en eller flere af følgende betingelser er opfyldt, jf. dog § 50:

    a) Koncernens ultimative moderselskab er ikke forpligtet til at indgive land for land-rapporten i det land, hvor det er hjemmehørende.

    b) Der sker ikke automatisk udveksling af land for land-rapporterne, som følge af at der ikke eksisterer en aftale mellem de kompetente

        myndigheder i Danmark og den jurisdiktion, hvor det ultimative moderselskab er hjemmehørende, selv om der er en international aftale om

        udveksling af skatteoplysninger.

    c) Der er en systemisk fejl vedrørende den jurisdiktion, hvor det ultimative moderselskab har skattemæssigt hjemsted, og told- og

        skatteforvaltningen har meddelt dette til koncernselskabet omfattet af nr. 1.

*Stk. 2.* Er en eller flere af betingelserne i stk. 1, nr. 2, opfyldt, og er der mere end ét dansk koncernselskab, jf. stk. 1, nr. 1, skal koncernselskaberne udvælge et af koncernselskaberne som stedfortrædende moderselskab og ansvarlig for indgivelse af land for land-rapporten til told- og skatteforvaltningen inden for den frist, der er nævnt i § 48, stk. 2. Udvælgelsen skal meddeles told- og skatteforvaltningen af det selskab, der er udvalgt.

**§ 50.** Et koncernselskab skal ikke indgive en land for land-rapport til told- og skatteforvaltningen, hvis den multinationale koncern indgiver en land for land-rapport for det pågældende indkomstår gennem et stedfortrædende moderselskab til den skattemyndighed, hvor det stedfortrædende moderselskab er skattemæssigt hjemmehørende, og følgende betingelser er opfyldt:

1) Den jurisdiktion, hvor det stedfortrædende moderselskab er skattemæssigt hjemmehørende, kræver indgivelse af land for land–rapportering.

2) Den jurisdiktion, hvor det stedfortrædende moderselskab er skattemæssigt hjemmehørende, har en international aftale om udveksling af

    oplysninger med Danmark, og der sker automatisk udveksling af land for land-rapporter i henhold til en aftale mellem de kompetente myndigheder.

3) Der er ikke en systemisk fejl vedrørende den jurisdiktion, hvor det stedfortrædende moderselskab er skattemæssigt hjemmehørende, eller told- og

    skatteforvaltningen har undladt at meddele en systemisk fejl til koncernselskabet.

4) Den jurisdiktion, hvor det stedfortrædende moderselskab er skattemæssigt hjemmehørende, har modtaget en meddelelse, jf. § 51, stk. 1, fra et

    koncernselskab, som er skattemæssigt hjemmehørende i samme jurisdiktion som det stedfortrædende moderselskab, om, at koncernselskabet skal

    betragtes som det stedfortrædende moderselskab.

5) Koncernselskabet har givet meddelelse til told- og skatteforvaltningen, jf. § 51, stk. 2.

**§ 51.** Et ultimativt moderselskab, jf. § 48, stk. 1, eller et dansk stedfortrædende moderselskab, jf. § 49, stk. 2, i en multinational koncern skal senest inden udgangen af det indkomstår, for hvilket land for land-rapporten skal indgives, meddele told- og skatteforvaltningen, at det er forpligtet til at indgive rapporten.

*Stk. 2.* Er koncernselskabet ikke det ultimative moderselskab eller det stedfortrædende moderselskab, skal koncernselskabet senest inden udgangen af det indkomstår, for hvilket land for land-rapporten skal indgives, meddele til told- og skatteforvaltningen, hvilket koncernselskab der er forpligtet til at indgive land for land-rapporten, og hvor dette koncernselskab er skattemæssigt hjemmehørende.

**§ 52.** Skatteministeren kan fastsætte nærmere regler om land for land-rapporten, der indgives efter §§ 48, 49 og 51.

### Afsnit II

Kapitel 5

*Kontrolbeføjelser over for den skattepligtige*

*Kontrolbeføjelser over for erhvervsdrivende*

**§ 53.** Erhvervsdrivende, der fører regnskab, har pligt til efter anmodning fra told- og skatteforvaltningen at indsende deres regnskabsmateriale med bilag såvel for tidligere som for det løbende regnskabsår og andre dokumenter, der kan have betydning for kontrollen af den pågældendes skatteansættelser, herunder for afgørelsen af skattepligt her til landet. Indsendelsespligten omfatter også regnskabsmateriale m.v. vedrørende den skattepligtiges virksomhed i udlandet, på Færøerne eller i Grønland.

*Stk. 2.* Er regnskabsmateriale m.v. i tredjemands besiddelse, skal denne, selv om den pågældende har tilbageholdsret herover, efter anmodning udlevere materialet til told- og skatteforvaltningen. Told- og skatteforvaltningen leverer materialet tilbage til den pågældende tredjemand efter benyttelsen.

*Stk. 3.* Efterkommer den erhvervsdrivende ikke en anmodning efter stk. 1 inden den frist, der er fastsat i anmodningen, kan told- og skatteforvaltningen foretage en skønsmæssig ansættelse efter § 74.

**§ 54.** Told- og skatteforvaltningen har, hvis det skønnes nødvendigt, til enhver tid mod behørig legitimation uden retskendelse adgang til den erhvervsdrivendes lokaliteter samt arbejdssteder uden for den erhvervsdrivendes lokaler, dog ikke arbejdssteder, der tjener til tredjemands privatbolig eller fritidsbolig, herunder transportmidler, der anvendes erhvervsmæssigt, for at gennemgå regnskabsmateriale med bilag og andre dokumenter, der kan have betydning for kontrollen af den pågældendes skatteansættelser. I det omfang de nævnte regnskabsoplysninger m.v. er registreret elektronisk, omfatter told- og skatteforvaltningens adgang også en elektronisk adgang hertil. Efter samme betingelser som nævnt i 1. og 2. pkt. har told- og skatteforvaltningen adgang til at foretage opgørelse af kassebeholdninger, kasseterminaler eller lign. og foretage opgørelse og vurdering af lagerbeholdninger, besætning, inventar, maskiner og andet driftsmateriel.

*Stk. 2.* Drives virksomheden fra en ejendom, som også anvendes som bolig, kan told- og skatteforvaltningen gennemføre kontrol på ejendommen efter samme betingelser som i stk. 1.

*Stk. 3.* Ved kontrollen efter stk. 1 og 2 skal ejeren af virksomheden og dennes ansatte yde told- og skatteforvaltningen fornøden vejledning og hjælp.

*Stk. 4.* Politiet yder om fornødent told- og skatteforvaltningen bistand til gennemførelse af kontrollen efter stk. 1 og 2.

*Kontrolbeføjelser over for skattepligtige fysiske personer*

**§ 55.** Skattepligtige fysiske personer skal efter anmodning fra told- og skatteforvaltningen inden for en rimelig frist oplyse om formuen ved indkomstårets begyndelse og ved indkomstårets udløb og om størrelsen og arten af ændringer i formuen i indkomståret, herunder om hovedposter i årets privatforbrug.

*Stk. 2.* Pligten til at meddele oplysninger efter stk. 1 påhviler også en ægtefælle, som den skattepligtige levede sammen med ved udgangen af indkomståret, jf. kildeskattelovens § 4.

*Stk. 3.* Er oplysningerne efter stk. 1 og 2 ikke indsendt inden den frist, der er fastsat i anmodningen, kan told- og skatteforvaltningen foretage en skønsmæssig ansættelse efter § 74.

**§ 56.** Skattepligtige fysiske personer, som ejer mindst 25 pct. af selskabskapitalen eller råder over mere end 50 pct. af den samlede stemmeværdi i et selskab som nævnt i selskabsskattelovens § 1, stk. 1, nr. 1 eller 2, skal efter told- og skatteforvaltningens anmodning oplyse om væsentlige økonomiske aftaler, der i indkomståret er indgået eller ændret mellem selskabet og den pågældende selv eller en ægtefælle, som den pågældende levede sammen med ved udgangen af indkomståret, jf. kildeskattelovens § 4. For personer, der ikke er fuldt skattepligtige efter kildeskattelovens § 1, eller fuldt skattepligtige personer, der efter en dobbeltbeskatningsoverenskomst skal anses for hjemmehørende i en fremmed stat (dobbeltdomicil), skal oplysninger efter 1. pkt. kun gives, hvis selskabet er hjemmehørende her i landet.

*Stk. 2.* Er oplysningerne efter stk. 1 ikke indsendt inden den frist, der er fastsat i anmodningen, kan told- og skatteforvaltningen foretage en skønsmæssig ansættelse efter § 74.

*Stk. 3.* Procentsatserne nævnt i stk. 1 opgøres efter aktieavancebeskatningslovens § 4, stk. 1, 3. pkt., og stk. 2 og 3.

Kapitel 6

*Kontrolbeføjelser over for tredjemand*

*Oplysninger til krydsrevision*

**§ 57.** Erhvervsdrivende og juridiske personer, som ikke er erhvervsdrivende, skal efter told- og skatteforvaltningens anmodning indsende regnskabsmateriale med bilag såvel for tidligere som for det løbende regnskabsår og andre dokumenter, der har betydning for kontrol af andre navngivne erhvervsdrivendes skatteansættelse.

*Stk. 2.* Told- og skatteforvaltningen har til enhver tid mod behørig legitimation uden retskendelse adgang til hos en erhvervsdrivende eller en juridisk person, som ikke er erhvervsdrivende, at foretage gennemgang på stedet af regnskabsmateriale, bilag og andre dokumenter som nævnt i stk. 1. Ved gennemgangen kan told- og skatteforvaltningen sikre sig oplysninger som nævnt i 1. pkt.

*Stk. 3.* Politiet yder om fornødent told- og skatteforvaltningen bistand til gennemførelse af kontrollen efter stk. 1 og 2.

*Stk. 4.* Oplysningerne, jf. stk. 1, og indgrebet, jf. stk. 2, skal være nødvendige for skattekontrollen.

**§ 58.** En erhvervsdrivende har efter anmodning pligt til at give told- og skatteforvaltningen oplysning om den omsætning, virksomheden har haft med eller formidlet for andre navngivne erhvervsdrivende, og de arbejder, virksomheden har udført for eller ladet udføre hos andre navngivne erhvervsdrivende.

*Stk. 2.* Omsætningen eller arbejdets karakter, omsatte varemængder, vederlagets størrelse, tidspunktet for omsætningen eller arbejdets udførelse, og hvornår og hvorledes vederlaget er erlagt, skal efter anmodning specificeres.

*Stk. 3.* Produktions-, indkøbs- og salgsforeninger og lignende erhvervsorganisationer har tillige pligt til at oplyse om organisationens eller foreningens mellemværende med sine erhvervsdrivende medlemmer, jf. stk. 1 og 2.

*Stk. 4.* Oplysningerne, jf. stk. 1-3, skal være nødvendige for skattekontrollen.

*Finansielle virksomheders oplysningspligt*

**§ 59.** Finansielle virksomheder skal efter anmodning oplyse told- og skatteforvaltningen om:

1) Kundens indskud, lån, depot og boks.

2) Omsætning med eller for kunden og penge og lign. og af kreditmidler og værdipapirer.

3) Aftaler med eller for kunden om terminskontrakter og købe- og salgsretter.

4) Ekspedition af udbetalinger og modtagelse af indbetalinger for kunden, herunder hvem der er modtager af en udbetaling eller foretager en
   indbetaling.

5) Ydelse af garantier til eller for kunden.

6) Konti for fysiske eller juridiske personer, som ikke er hjemmehørende i Danmark, herunder bevægelser på kontoen, oplysning om kontohavers
   identitet og kontaktadresse og begrundelse for oprettelse af kontoen.

7) Transaktioner med konti i fremmede jurisdiktioner, når der ikke eksisterer en aftale mellem de kompetente myndigheder i Danmark og den
   pågældende jurisdiktion om automatisk udveksling af oplysninger om finansielle konti, og i jurisdiktioner, som er på en fælles EU-liste over
   ikkesamarbejdende skattejurisdiktioner.

*Stk. 2.* Værdipapircentraler har kun pligt til at indsende oplysninger om, hvilket institut der er kontoførende for nærmere angivne personer eller kontofører nærmere angivne papirer, og om ejere af aktier, der er optaget til handel på et reguleret marked.

*Stk. 3.* Oplysningerne, jf. stk. 1 og 2, skal være nødvendige for skattekontrollen. Opbevares oplysningerne i elektronisk form, kan told- og skatteforvaltningen forlange, at oplysningerne udleveres i et anerkendt filformat i elektronisk form eller indsendes digitalt i et anerkendt filformat.

*Advokaters oplysningspligt*

**§ 60.** Advokater skal, i det omfang advokaten foretager økonomiske dispositioner på sin klients vegne eller med klienten, efter anmodning give told- og skatteforvaltningen oplysninger om en klient vedrørende:

1) Omsætning med eller for klienten af penge og lign. og af kreditmidler og værdipapirer.

2) Aftaler med eller for klienten om terminskontrakter og købe- og salgsretter.

3) Aftaler med eller for klienten om køb og salg af fast ejendom, forretning, fly, skibe og lign.

4) Økonomiske dispositioner i forbindelse med administration af en klients faste ejendom.

*Stk. 2.* Oplysningerne, jf. stk. 1, skal være nødvendige for skattekontrollen. Opbevares oplysningerne i elektronisk form, kan told- og skatteforvaltningen forlange, at oplysningerne udleveres i et anerkendt filformat i elektronisk form eller indsendes digitalt i et anerkendt filformat.

*Oplysningspligt for offentlige myndigheder, erhvervsdrivende og juridiske personer*

**§ 61.** Offentlige myndigheder, erhvervsdrivende og juridiske personer, som ikke er erhvervsdrivende, skal efter anmodning give told- og skatteforvaltningen oplysninger til brug for kontrol af en identificerbar fysisk eller juridisk persons skattepligt eller skatteansættelse, jf. dog stk. 3.

*Stk. 2.* Forpligtede enheder omfattet af artikel 2 i Rådets direktiv 2015/849 af 20. maj 2015 om forebyggende foranstaltninger mod anvendelse af det finansielle system til hvidvask af penge eller finansiering af terrorisme skal efter anmodning give told- og skatteforvaltningen oplysninger omhandlet af direktivets artikel 13, 30, 31 og 40.

*Stk. 3.* Stk. 1 gælder ikke ved indhentelse af oplysninger om omsætning m.v. mellem erhvervsdrivende, jf. §§ 57 og 58, finansielle virksomheders oplysninger om kundernes økonomiske forhold, jf. § 59, og advokaters oplysninger om klientforhold, jf. § 60.

*Stk. 4.* Oplysningerne, jf. stk. 1, skal være nødvendige for skattekontrollen. Opbevares oplysningerne i elektronisk form, kan told- og skatteforvaltningen forlange, at oplysningerne udleveres i et anerkendt filformat i elektronisk form eller indsendes digitalt i et anerkendt filformat.

*Skatterådets forudgående godkendelse af oplysningspligt*

**§ 62.** Offentlige myndigheder, erhvervsdrivende og juridiske personer, som ikke er erhvervsdrivende, skal efter anmodning give told- og skatteforvaltningen oplysninger til brug for kontrol af ikke individuelt bestemte fysiske eller juridiske personers skattepligt og skatteansættelse, når anmodningen er godkendt af Skatterådet, jf. dog stk. 2.

*Stk. 2.* Oplysninger om omsætning m.v. mellem erhvervsdrivende, jf. §§ 57 og 58, finansielle virksomheders oplysninger om kundernes økonomiske forhold, jf. § 59, og advokaters oplysninger om klientforhold, jf. § 60, kan ikke kræves i videre omfang end nævnt i disse bestemmelser.

*Stk. 3.* Teleselskaber skal til brug for afgørelse af spørgsmål om skattepligt efter anmodning give told- og skatteforvaltningen oplysning om, hvornår kundens telefonnummer har været anvendt til opkald i og fra Danmark, når anmodningen er godkendt af Skatterådet.

*Stk. 4.* Oplysningerne, jf. stk. 1-3, skal være nødvendige for skattekontrollen. Opbevares oplysningerne i elektronisk form, kan told- og skatteforvaltningen forlange, at oplysningerne udleveres i et anerkendt filformat i elektronisk form eller indsendes digitalt i et anerkendt filformat.

*Stk. 5.* Skatterådets godkendelse skal offentliggøres, medmindre særlige hensyn taler imod.

*Dødsboers oplysningspligt*

**§ 63.** Skifteretten, bobestyreren, privat skiftende arvinger eller en efterlevende ægtefælle skal efter anmodning give told- og skatteforvaltningen enhver oplysning af betydning for en korrekt skatteansættelse af afdøde og af boet.

*Stk. 2.* Skifteretten skal foretage indberetning til told- og skatteforvaltningen om hvert enkelt dødsbo, der behandles af skifteretten.

*Stk. 3.* Skatteministeren kan fastsætte nærmere regler om indberetning efter stk. 2.

*Udbyder af skattearrangementer*

**§ 64.** Den, der som udbyder eller formidler erhvervsmæssigt har bistået en skattepligtig med anskaffelse af formuegoder eller finansielle instrumenter og hel eller delvis finansiering heraf (skattearrangement), skal efter anmodning, og når formålet med skattearrangementet fortrinsvis er at nedbringe eller udskyde skattebyrden, til told- og skatteforvaltningen indsende dokumentation for realiteten i de nævnte dispositioner og af de aktiver og passiver m.v., der indgår heri.

*Stk. 2.* Told- og skatteforvaltningen træffer afgørelse om, hvorvidt der er realitet i et skattearrangement, som har til formål at nedbringe eller udskyde skattebyrden som nævnt i stk. 1.

*Stk. 3.* Udbyderen eller formidleren hæfter solidarisk med den skattepligtige for den eventuelle forhøjelse af den skattepligtiges indkomstskat, der fremkommer, som følge af at told- og skatteforvaltningen har tilsidesat skattearrangementet som ikke reelt, jf. stk. 2.

*Stk. 4.* Hæfter udbyderen eller formidleren solidarisk med den skattepligtige efter stk. 3, kan udbyderen eller formidleren påklage den del af skatteansættelsen, der vedrører skattearrangementet, efter skatteforvaltningslovens § 11, stk. 1, nr. 1.

*Tilsyn med nedskrivninger og hensættelser i finansielle virksomheder m.v.*

**§ 65.** Tilsynsmyndigheden for et institut som nævnt i kursgevinstlovens § 25, stk. 7, skal efter anmodning fra told- og skatteforvaltningen foretage kontrol af størrelsen af beløb, der er nedskrevet på udlån og hensat på garantier m.v. i instituttet pr. 31. december i det pågældende år.

*Stk. 2.* For herværende filialer af udenlandske kreditinstitutter, der er hjemmehørende i et land inden for EU/EØS, kan told- og skatteforvaltningen anmode Finanstilsynet om på told- og skatteforvaltningens vegne at kontrollere størrelsen af nedskrivninger på udlån og hensættelser på garantier m.v., som kan fradrages efter kursgevinstlovens § 25, stk. 7.

*Stk. 3.* For finansieringsselskaber, der efter kursgevinstlovens § 25, stk. 8, har valgt at anvende reglerne i kursgevinstlovens § 25, stk. 7, kan told- og skatteforvaltningen anmode Erhvervsstyrelsen om på told- og skatteforvaltningens vegne at kontrollere størrelsen af nedskrivninger på udlån og hensættelser på garantier m.v., som kan fradrages efter reglerne i kursgevinstlovens § 25, stk. 7.

*Stk. 4.* Told- og skatteforvaltningens anmodning om kontrol, jf. stk. 2 og 3, skal fremsættes senest 1 år og 6 måneder efter udløbet af det pågældende indkomstår. Finanstilsynet eller Erhvervsstyrelsen skal meddele sin afgørelse til told- og skatteforvaltningen senest 6 måneder fra anmodningens fremsættelse. Afgørelsen kan indbringes for Erhvervsankenævnet, senest 4 uger efter at den pågældende juridiske person har fået underretning om afgørelsen fra told- og skatteforvaltningen.

*Stk. 5.* Reglerne i § 347 i lov om finansiel virksomhed, der giver Finanstilsynet hjemmel til kontrol af finansielle virksomheder, herunder filialer af udenlandske kreditinstitutter, dog bortset fra reglen i § 347, stk. 1, 2. pkt., gælder også ved Finanstilsynets kontrol af filialer af udenlandske kreditinstitutter, jf. stk. 2, og Erhvervsstyrelsens kontrol af finansieringsselskaber, jf. stk. 3.

Kapitel 7

*Samarbejde med eksterne parter*

*Samarbejde med udenlandske skattemyndigheder*

**§ 66.** Told- og skatteforvaltningen afgiver oplysninger til og modtager oplysninger fra de kompetente myndigheder på Færøerne, i Grønland og i en fremmed jurisdiktion i overensstemmelse med bestemmelserne i:

1) Rådets direktiv 2011/16/EU om administrativt samarbejde på beskatningsområdet og om ophævelse af direktiv 77/799/EØF med senere ændringer. Bestemmelsen finder ligeledes anvendelse på aftaler indgået mellem EU og tredjeland om administrativ bistand i skattesager.

2) En dobbeltbeskatningsoverenskomst mellem på den ene side Danmark og på den anden side Færøerne, Grønland eller den pågældende fremmede jurisdiktion.

3) En administrativt indgået aftale om administrativ bistand i skattesager mellem på den ene side Danmark og på den anden side Færøerne, Grønland eller den pågældende fremmede jurisdiktion.

4) Enhver anden international overenskomst eller konvention tiltrådt af Danmark, som omhandler administrativ bistand i skattesager.

**§ 67.** Bestemmelserne i straffelovens 14. kapitel om forbrydelser mod den offentlige myndighed m.v. og 16. kapitel om forbrydelser i offentlig tjeneste eller hverv m.v. gælder for embedsmænd fra Færøerne, Grønland eller en fremmed jurisdiktion, der befinder sig her i landet som led i ydelse eller modtagelse af administrativ bistand i skattesager, når denne bistand sker i overensstemmelse med Danmarks forpligtelser efter EU-retlige regler, en dobbeltbeskatningsoverenskomst, en anden international overenskomst eller konvention eller en administrativt indgået aftale om administrativ bistand i skattesager.

*Stk. 2.* Når embedsmænd fra et andet EU-land er til stede under administrative undersøgelser eller deltager i de administrative undersøgelser ved hjælp af elektroniske kommunikationsmidler, kan de deltage aktivt i den administrative undersøgelse ved at interviewe enkeltpersoner og gennemgå sagsakter.

*Adgang til registre uden for told- og skatteforvaltningen og registersamkøring*

**§ 67 a.** Told- og skatteforvaltningen kan behandle, herunder samkøre, de oplysninger, told- og skatteforvaltningen er i besiddelse af, med henblik på udvikling af it-systemer, der er nødvendige for told- og skatteforvaltningens myndighedsudøvelse.

*Stk. 2.* Told- og skatteforvaltningen kan indsamle og behandle alle nødvendige oplysninger om fysiske eller juridiske personers økonomiske og erhvervsmæssige forhold fra andre offentlige myndigheder og offentligt tilgængelige kilder, herunder samkøre sådanne oplysninger med de oplysninger, told- og skatteforvaltningen er i besiddelse af, med henblik på udvikling af it-systemer, der er nødvendige for told- og skatteforvaltningens myndighedsudøvelse.

*Stk. 3.* Skatteministeren fastsætter nærmere regler for told- og skatteforvaltningens indsamling og behandling af oplysninger omfattet af stk. 1 og 2, herunder regler om, hvornår og til hvilke formål oplysningerne kan indsamles og behandles, om, hvornår sletning af oplysningerne skal finde sted, og om de tekniske og organisatoriske foranstaltninger, der skal iagttages ved behandlingen.

**§ 68.** Told- og skatteforvaltningens it-systemer kan samkøres til brug for told- og skatteforvaltningens myndighedsudøvelse.

*Stk. 2.* Told- og skatteforvaltningen kan til brug for registreringskontrol og opgørelse, opkrævning og inddrivelse af skatter, arbejdsmarkedsbidrag, told og afgifter få terminaladgang til alle nødvendige oplysninger om fysiske eller juridiske personers økonomiske og erhvervsmæssige forhold i indkomstregisteret, jf. § 7 i lov om et indkomstregister. Oplysningerne kan samkøres med told- og skatteforvaltningens øvrige oplysninger til brug for skatteansættelse og generel kontrol.

*Stk. 3.* Told- og skatteforvaltningen kan til brug for registreringskontrol og opgørelse, opkrævning og inddrivelse af skatter, arbejdsmarkedsbidrag, told og afgifter få terminaladgang til alle nødvendige oplysninger om fysiske eller juridiske personers økonomiske og erhvervsmæssige forhold i andre offentlige myndigheders registre med henblik på registersamkøring.

*Stk. 4.* Told- og skatteforvaltningen kan til brug for registreringskontrol og opgørelse, opkrævning og inddrivelse af skatter, arbejdsmarkedsbidrag, told og afgifter indsamle og behandle alle nødvendige oplysninger om fysiske eller juridiske personers økonomiske og erhvervsmæssige forhold fra offentligt tilgængelige kilder med henblik på registersamkøring.

*Stk. 5.* Skatteministeren kan efter forhandling med erhvervsministeren fastsætte regler om told- og skatteforvaltningens adgang til alle nødvendige oplysninger om fysiske eller juridiske personers økonomiske og erhvervsmæssige forhold, som er registreret i den centrale automatiske mekanisme, der er oprettet til gennemførelse af artikel 32a i Rådets direktiv 2015/849/EU af 20. maj 2015 om forebyggende foranstaltninger mod anvendelse af det finansielle system til hvidvask af penge eller finansiering af terrorisme.

**§ 69.** Told- og skatteforvaltningen kan oprette et kontrolinformationsregister over fysiske og juridiske personer, der har påført eller forsøgt at påføre det offentlige et samlet tab på mindst 100.000 kr. i form af skatter, arbejdsmarkedsbidrag, told og afgifter.

*Stk. 2.* Registrering kan ikke foretages eller opretholdes, mere end 5 år efter at det forhold, der begrunder en registrering, er konstateret.

*Stk. 3.* Told- og skatteforvaltningen kan med henblik på kontrol af virksomheders registreringsforhold foretage samkøring af oplysninger i kontrolinformationsregisteret med oplysninger i told- og skatteforvaltningens registreringssystem for virksomheder. Told- og skatteforvaltningen kan stille resultatet af registersamkøringen til rådighed for Erhvervsstyrelsen til brug for denne myndigheds arbejde som registreringsmyndighed for told- og skatteforvaltningen.

### Udlevering af oplysninger til kreditvurdering m.v. med samtykke fra den registrerede

**§ 70.** Finansielle virksomheder, der yder lån eller formidler lån, kan med samtykke fra den registrerede få adgang til oplysninger, som indgår i den seneste årsopgørelse, og som er nødvendige til brug for konkrete kreditgivningssituationer. Virksomheder, der udbyder leasing af motorkøretøjer, og som enten er en registreret virksomhed i medfør af registreringsafgiftslovens § 14 eller er undergivet tilsyn efter hvidaskloven, kan efter samtykke fra den registrerede få adgang til oplysninger, som indgår i den seneste årsopgørelse, og som er nødvendige til brug for en konkret vurdering af den registreredes betalingsevne.

*Stk. 2.* Finansielle virksomheder, som er omfattet af regler om redelig forretningsskik og god praksis for de finansielle virksomheder udstedt i medfør af § 43, stk. 2, i lov om finansiel virksomhed, og forsikringsselskaber, som er omfattet af regler om redelig forretningsskik og god praksis for forsikringsvirksomheder udstedt i medfør af § 67, stk. 2, i lov om forsikringsvirksomhed, kan med samtykke fra den registrerede få adgang til oplysninger, som indgår i den seneste årsopgørelse, og som er nødvendige til brug for rådgivning af den registrerede i overensstemmelse med reglerne om redelig forretningsskik og god praksis.

*Stk. 3.* Finansielle virksomheder kan desuden med samtykke fra den registrerede få adgang til oplysninger, som indgår i den seneste årsopgørelse, og som er nødvendige til efterlevelse af bekendtgørelse om ledelse og styring af pengeinstitutter m.fl., med hensyn til at der skal tilvejebringes opdaterede oplysninger om den registrerede. Adgang til oplysningerne forudsætter, at den registrerede er kunde i den finansielle virksomhed.

*Stk. 4.* Finansielle rådgivere kan med samtykke fra den registrerede få adgang til oplysninger, som indgår i den seneste årsopgørelse, og som er nødvendige til brug for konkrete rådgivningssituationer.

*Stk. 5.* Adgang efter stk. 1-4 er betinget af, at virksomheden

1) betaler et gebyr i overensstemmelse med lov om videreanvendelse af den offentlige sektors informationer og

2) har indgået en aftale med told- og skatteforvaltningen om adgangen.

### Afsnit III

### Kapitel 8

*Administrative retsfølger af den manglende opfyldelse af en oplysningspligt*

### Afskæring af TastSelv

**§ 71.** Told- og skatteforvaltningen kan træffe afgørelse om at afskære en skattepligtig fra at anvende told- og skatteforvaltningens digitale selvbetjeningsløsning TastSelv til ændring af oplysninger i årsopgørelsen, hvis forvaltningen finder, at der er nærliggende risiko for, at den skattepligtige vil begå væsentlige fejl ved anvendelsen af TastSelv. Afskæring kan ske med virkning for det aktuelle indkomstår.

*Stk. 2.* Finder told- og skatteforvaltningen, at der er nærliggende risiko for, at den skattepligtige også vil begå væsentlige fejl ved anvendelse af TastSelv for det efterfølgende indkomstår, kan forvaltningen tillige afskære den skattepligtige fra at anvende TastSelv for dette indkomstår.

*Stk. 3.* Skattepligtige, som efter stk. 1 eller 2 er afskåret fra at anvende TastSelv, er ikke fritaget for på anden måde inden oplysningsfristens udløb at give told- og skatteforvaltningen oplysninger som nævnt i § 2.

*Stk. 4.* En afgørelse efter stk. 1 eller 2 skal angive det eller de indkomstår, afskæringen vedrører. Afgørelsen kan påklages til Landsskatteretten, jf. skatteforvaltningslovens § 11, stk. 1, nr. 1. Bestemmelserne i skatteforvaltningsloven gælder også ved påklage af en afgørelse efter stk. 1 og 2.

### Tvangsbøder

**§ 72.** Har den skattepligtige ikke rettidigt indgivet et oplysningsskema, jf. § 5, eller et skattemæssigt årsregnskab, jf. § 6, stk. 1, nr. 1, eller ikke vedlagt oplysningsskemaet ejeroplysninger, jf. § 26, stk. 2, eller dokumentation for kontrollerede transaktioner, jf. § 39, eller revisorerklæring fra finansieringsselskaber, jf. § 36, kan told- og skatteforvaltningen pålægge daglige tvangsbøder.

*Stk. 2.* Efterkommes en anmodning om oplysninger efter § 16, stk. 1, § 18, stk. 1, § 20, § 53, stk. 1 og 2, § 55, stk. 1 og 2, § 56, stk. 1, § 57, stk. 1, § 58, stk. 1-3, § 59, stk. 1 og 2, § 60, stk. 1, § 61, stk. 1 og 2, § 62, stk. 1 og 3, eller § 64, stk. 1, ikke, kan told- og skatteforvaltningen give pålæg om, at oplysningerne skal indsendes inden en fastsat frist, og pålægge daglige tvangsbøder fra fristens overskridelse, og indtil pålægget efterkommes eller der udstedes et bødeforelæg for overtrædelse af § 84 a, stk. 1 eller 2, som følge af at pålægget ikke efterkommes.

*Stk. 3.* Klage over et pålæg efter stk. 1 og 2 har ikke opsættende virkning. Landsskatteretten eller Skatteankeforvaltningen kan dog tillægge en klage over et pålæg efter stk. 1 og 2 opsættende virkning, hvis særlige omstændigheder taler derfor. Landsskatterettens afgørelse kan træffes af en retsformand.

### Skattetillæg

**§ 73.** Har en skattepligtig omfattet af § 5 ikke rettidigt givet told- og skatteforvaltningen oplysninger efter § 2, herunder oplysninger om kontrollerede transaktioner efter § 38, eller revisorerklæring fra finansieringsselskaber, jf. § 36, pålægger forvaltningen den skattepligtige at betale et skattetillæg på 200 kr., for hver dag oplysningsfristen overskrides. Skattetillægget kan dog højst udgøre 5.000 kr. i alt, jf. dog stk. 2-4.

*Stk. 2.* For fysiske personer, hvis skattepligtige indkomst for det pågældende indkomstår ikke overstiger bundfradraget for topskatten efter personskattelovens § 7, udgør skattetillægget 100 kr., for hver dag fristen overskrides, dog højst 2.500 kr. i alt.

*Stk. 3.* For fonde og foreninger, der efter fondsbeskatningslovens § 15 kan opfylde oplysningspligten ved at afgive en særlig erklæring, udgør skattetillægget i alt 500 kr.

*Stk. 4.* Told- og skatteforvaltningen kan efter ansøgning i særlige tilfælde fritage den skattepligtige for skattetillægget efter stk. 1-3 helt eller delvis.

### Skønsmæssig ansættelse

**§ 74.** Har en skattepligtig omfattet af § 5 ikke rettidigt givet told- og skatteforvaltningen oplysninger efter § 2, kan told- og skatteforvaltningen foretage en skatteansættelse skønsmæssigt.

*Stk. 2.* Ud over de tilfælde, der er nævnt i stk. 1, kan told- og skatteforvaltningen foretage en skatteansættelse skønsmæssigt, hvis den skattepligtige ved oplysningsfristens udløb ikke har givet forvaltningen oplysninger som nævnt i § 2, som kan danne grundlag for skatteansættelsen. Told- og skatteforvaltningen skal forinden have anmodet den skattepligtige om oplysningerne inden for en rimelig frist. Kravet om forudgående anmodning efter 2. pkt. gælder dog ikke, hvis told- og skatteforvaltningen er kommet i besiddelse af oplysninger, som begrunder en gennemførelse af en uvarslet kontrol på den erhvervsdrivendes arbejdssted, jf. § 5, stk. 4, i lov om retssikkerhed ved forvaltningens anvendelse af tvangsindgreb og oplysningspligter.

*Stk. 3.* Told- og skatteforvaltningen skal som grundlag for den skønsmæssige ansættelse efter stk. 1 og 2 navnlig lægge vægt på oplysninger om den skattepligtige indkomst for tidligere år, årsopgørelser, forskudsregistreringer og oplysninger fra indberetningspligtige. Er den skattepligtige erhvervsdrivende, indgår i grundlaget tillige oplysninger om moms og afgifter og eventuelle oplysninger om bruttoavancen for indkomståret og tidligere indkomstår. Er den skattepligtige en fysisk person, indgår i grundlaget efter stk. 2 tillige oplysninger om den skattepligtiges privatforbrug, herunder oplysninger om skattefrie indtægter og oplysninger om formue. Told- og skatteforvaltningen kan dog foretage en skønsmæssig ansættelse efter stk. 1 eller 2 uden anvendelse af de nævnte oplysninger, hvis ansættelsen kan foretages på et mere sikkert grundlag på baggrund af andre oplysninger.

*Stk. 4.* Stk. 1-3 gælder ikke ved skønsmæssige ansættelser af kontrollerede transaktioner, der er omfattet af § 46.

### Revisorpålæg

**§ 75.** Er en skattepligtig bogføringspligtig, og skal den skattepligtige indgive et skattemæssigt årsregnskab til told- og skatteforvaltningen efter regler fastsat efter § 6, stk. 1, nr. 1, kan told- og skatteforvaltningen træffe afgørelse om, at en statsautoriseret eller registreret revisor for den skattepligtige udarbejder et regnskab, hvis én af følgende betingelser er opfyldt:

1) Det skattemæssige årsregnskab opfylder i væsentligt omfang ikke kravene til indholdet af regnskabet bestemt i regler fastsat efter § 6, stk. 1, nr. 1.

2) Det skattemæssige årsregnskab er ikke indsendt rettidigt til told- og skatteforvaltningen.

3) Bogføringslovens regnskabsbestemmelser er i væsentligt omfang ikke opfyldt.

*Stk. 2.* Ved afgørelse efter stk. 1 skal told- og skatteforvaltningen tage hensyn til den skattepligtiges personlige forhold, herunder betalingsevne.

*Stk. 3.* Der kan ikke udstedes revisorpålæg efter stk. 1, hvis den skattepligtige er taget under rekonstruktionsbehandling, jf. konkurslovens § 11, eller den skattepligtiges bo er under konkursbehandling, jf. konkurslovens § 17.

**§ 76.** Før told- og skatteforvaltningen træffer afgørelse efter § 75, skal forvaltningen skriftligt underrette den skattepligtige om den påtænkte afgørelse.

*Stk. 2.* Told- og skatteforvaltningen fastsætter en frist for den skattepligtiges bemærkninger til den påtænkte afgørelse efter stk. 1. Fristen kan ikke være på mindre end 15 dage.

*Stk. 3.* Efter udløbet af den frist, der er fastsat i stk. 2, underretter told- og skatteforvaltningen den skattepligtige om den trufne afgørelse.

**§ 77.** Indgiver den skattepligtige inden 2 måneder fra udløbet af den frist, som told- og skatteforvaltningen har fastsat efter § 76, stk. 2, et årsregnskab, der opfylder kravene fastsat i regler efter § 6, stk. 1, nr. 1, bortfalder told- og skatteforvaltningens afgørelse efter § 75, jf. dog stk. 3.

*Stk. 2.* Told- og skatteforvaltningen kan efter anmodning forlænge fristen for indgivelse af årsregnskabet, hvis særlige forhold taler herfor.

*Stk. 3.* Finder told- og skatteforvaltningen, at det årsregnskab, som den skattepligtige indgiver efter stk. 1, ikke opfylder kravene fastsat i regler efter § 6, stk. 1, nr. 1, meddeles dette den skattepligtige ved en afgørelse.

**§ 78.** Den skattepligtige kan inden udløbet af fristen i § 77, stk. 1, stille forslag om, hvilken revisor der skal udarbejde regnskabet. § 77, stk. 2, om forlængelse af fristen for indgivelse af årsregnskabet gælder også i sådant tilfælde.

*Stk. 2.* Kan told- og skatteforvaltningen ikke godkende den skattepligtiges forslag efter stk. 1, meddeles dette den skattepligtige ved en afgørelse. Told- og skatteforvaltningen oplyser samtidig den skattepligtige om, hvilken revisor forvaltningen vil anmode om at udarbejde et regnskab for den skattepligtige.

**§ 79.** Told- og skatteforvaltningen udreder honoraret til revisor for udarbejdelse af regnskab efter § 75. Den skattepligtige har pligt til at refundere told- og skatteforvaltningen udgifterne til revisorhonoraret, jf. dog stk. 2 og 3.

*Stk. 2.* Told- og skatteforvaltningen kan træffe afgørelse om, at den skattepligtige kun skal refundere en del af udgifterne til honoraret efter stk. 1, 2. pkt., hvis særlige forhold taler herfor.

*Stk. 3.* Stk. 1, 2. pkt., gælder ikke, hvis den skattepligtige får medhold i en klage over en afgørelse, som told- og skatteforvaltningen har truffet efter § 75, jf. § 76, § 77, stk. 3, § 78, stk. 2, eller denne paragrafs stk. 2, jf. § 81.

**§ 80.** Opkrævningslovens almindelige regler om opkrævning af skatter og afgifter gælder også ved opkrævning af told- og skatteforvaltningens udlæg til revisor hos den skattepligtige.

**§ 81.** Told- og skatteforvaltningens afgørelser efter § 75, jf. § 76, § 77, stk. 3, § 78, stk. 2, eller § 79, stk. 2, kan påklages til Landsskatteretten, jf. skatteforvaltningslovens § 11, stk. 1, nr. 1.

*Stk. 2.* Klage efter stk. 1 har ikke opsættende virkning.

Kapitel 9

*Straffebestemmelser*

**§ 82.** Den, som med forsæt til at unddrage det offentlige skat afgiver urigtige, vildledende eller ufuldstændige oplysninger til told- og skatteforvaltningens brug for afgørelse af skattepligt eller skatteansættelse, straffes for skattesvig med bøde eller fængsel indtil 1 år og 6 måneder, medmindre højere straf er forskyldt efter straffelovens § 289.

*Stk. 2.* Den skattepligtige kan kun drages til ansvar for de oplysninger, som den skattepligtige selv skal afgive, kan korrigere i oplysningsskemaet eller har haft indflydelse på ved indberetningen, forinden oplysningen indgår i oplysningsskemaet.

*Stk. 3.* Begås handlingen groft uagtsomt, straffes med bøde.

**§ 83.** En skattepligtig, der modtager en årsopgørelse uden at have afgivet de til skatteansættelsen pligtige oplysninger, jf. § 2, skal inden 4 uger efter udløb af fristen for afgivelse af sådanne oplysninger, jf. § 10, underrette told- og skatteforvaltningen, hvis ansættelsen er for lav.

*Stk. 2.* En skattepligtig, som modtager en skønsmæssig ansættelse af den skattepligtige indkomst, jf. § 74, skal inden 4 uger efter modtagelsen underrette told- og skatteforvaltningen, hvis ansættelsen er for lav.

*Stk. 3.* En skattepligtig, som ikke modtager en årsopgørelse eller et oplysningsskema, skal afgive de til skatteansættelsen pligtige oplysninger inden oplysningsfristernes udløb, jf. § 10.

*Stk. 4.* Den, som med forsæt til at unddrage det offentlige skat overtræder stk. 1-3, straffes for skattesvig med bøde eller fængsel indtil 1 år og 6 måneder, medmindre højere straf er forskyldt efter straffelovens § 289.

*Stk. 5.* Begås overtrædelsen groft uagtsomt, straffes med bøde.

**§ 84.** Med bøde straffes den, der forsætligt eller groft uagtsomt

1) undlader at afgive oplysninger om udenlandske pensionsordninger, jf. §§ 16-19 og 21, og oplysninger om gaver til ikke fuldt skattepligtige i udlandet, jf. § 23, eller undlader at følge et påbud efter § 20,

2) afgiver urigtige eller vildledende oplysninger om opfyldelse af betingelserne for begrænset dokumentationspligt vedrørende kontrollerede transaktioner, jf. § 40,

3) undlader at afgive oplysninger efter anmodning fra told- og skatteforvaltningen om ejer- og medlemsfortegnelse i selskaber, jf. §§ 24-27, årsregnskaber, jf. § 6, stk. 1, nr. 1, og § 53, og formueoplysninger, jf. §§ 55 og 56,

4) undlader at opfylde pligten til at opbevare materiale efter de regler, som skatteministeren har fastsat efter § 6, stk. 1, nr. 3,

5) undlader rettidigt at indgive den skriftlige dokumentation vedrørende kontrollerede transaktioner, som der er pligt til at udarbejde efter § 39, eller land for land-rapport, jf. §§ 48, 49 og 51, eller revisorerklæring efter § 43 eller

6) som led i virksomhed udsteder en faktura med et urigtigt indhold eller udsteder anden urigtig dokumentation for levering eller aftagelse af varer

eller ydelser, når dokumentationen er egnet til at blive anvendt som grundlag for opgørelsen af den skattepligtige indkomst.

**§ 84 a.** Virksomheder, der efter § 72, stk. 2, modtager et pålæg om indsendelse af oplysninger og undlader senest 4 uger efter den i pålægget fastsatte

frist at efterkomme pålægget, straffes med bøde.

*Stk. 2.* Virksomheder, der efter udløbet af 4-ugersfristen i stk. 1 modtager en skriftlig meddelelse fra told- og skatteforvaltningen om at efterkomme

pålægget som nævnt i stk. 1, straffes med bøde, hvis pålægget ikke efterkommes senest 14 dage efter meddelelsens modtagelse. Der straffes med bøde

efter 1. pkt., indtil pålægget efterkommes.

**§ 85.** Der kan pålægges selskaber m.v. (juridiske personer) strafansvar efter reglerne i straffelovens 5. kapitel.

## Kapitel 10

### Straffeprocessuelle regler

**§ 86.** I sager om overtrædelse af bestemmelserne i kapitel 9, der ikke skønnes at ville medføre højere straf end bøde, kan told- og skatteforvaltningen

i et bødeforelæg tilkendegive den sigtede, at sagen kan afgøres uden retssag, hvis sigtede erklærer sig skyldig i overtrædelsen og erklærer sig rede til

inden en nærmere angiven frist, der efter begæring kan forlænges, at betale den i bødeforelægget angivne bøde.

*Stk. 2.* Retsplejelovens § 834 om indholdet af et anklageskrift finder anvendelse på tilkendegivelsen efter stk. 1.

*Stk. 3.* Vedtager sigtede bøden, bortfalder videre strafferetlig forfølgning. Vedtagelsen har samme gentagelsesvirkning som en dom.

*Stk. 4.* Bøder i sager, der afgøres administrativt, opkræves af told- og skatteforvaltningen.

**§ 87.** Ransagning i sager om overtrædelse af bestemmelserne i denne lov kan ske i overensstemmelse med retsplejelovens regler om ransagning i

sager, som efter loven kan medføre frihedsstraf.

**§ 88.** I sager om overtrædelse af §§ 82-84 a, der kan afgøres administrativt, jf. § 86, finder § 752, stk. 1, i retsplejeloven anvendelse.

*Stk. 2.* En sigtet uden forsvarer i en sag, der kan afgøres administrativt, har samme ret til aktindsigt i sin egen sag, som en forsvarer har efter § 3 i lov

om adgang til forsvarerbistand under en administrativ skatte- eller afgiftsstraffesag.

**§ 89.** I sager om overtrædelse af §§ 82 og 83 og straffelovens § 289, der indbringes for retten af anklagemyndigheden, kan de unddragne skatter

inddrages under straffesagen og påkendes af retten i overensstemmelse med reglerne i retsplejelovens kapitel 89.

## Afsnit IV

## Kapitel 11

### Ikrafttræden m.v.

**§ 90.** Loven træder i kraft den 1. januar 2019.

*Stk. 2.* Skattekontrolloven, jf. lovbekendtgørelse nr. 1264 af 31. oktober 2013, ophæves.

*Stk. 3.* Regler fastsat i medfør af den hidtil gældende skattekontrollov, jf. lovbekendtgørelse nr. 1264 af 31. oktober 2013 med senere ændringer,

forbliver i kraft, indtil de ophæves eller afløses af forskrifter udstedt i medfør af denne lov.

*Stk. 4.* Lovens afsnit I og III med undtagelse af § 72, stk. 2, § 84, nr. 3, og §§ 85-89 finder ikke anvendelse for indkomståret 2018 for juridiske personer,

som skal selvangive for indkomståret 2018 i kalenderåret 2018. I stedet finder den hidtil gældende skattekontrollov, jf. lovbekendtgørelse nr. 1264 af 31.

oktober 2013 med senere ændringer, og forskrifter udstedt i medfør heraf anvendelse.

*Stk. 5.* Lovens afsnit I og III med undtagelse af § 72, stk. 2, § 84, nr. 3, og §§ 85-89 finder ikke anvendelse for indkomståret 2017 og tidligere

indkomstår. For sådanne indkomstår finder den hidtil gældende skattekontrollov, jf. lovbekendtgørelse nr. 1264 af 31. oktober 2013 med senere

ændringer, og forskrifter udstedt i medfør heraf anvendelse.

**§ 91.** Loven gælder ikke for Færøerne og Grønland.

*Skatteministeriet, den 8. januar 2024*

P.M.V.

Jens Brøchner

/ Per Hvas

Officielle noter

1)  – The Act contains provisions that implement parts of Council Directive 2011/16/EU of 15 February 2011 on administrative cooperation in the field of taxation and on the repeal of Directive 77/799/EEC, Official Journal of the European Union 2011, no. L 64, page 1 , as amended by Council Directive 2014/107/EU of 9 December 2014 amending Directive 2011/16/EU with regard to mandatory automatic exchange of information in the field of taxation, Official Journal of the European Union 2014, No. L 359, page 1, Council Directive 2015/2376/EU of 8 December 2015 amending Directive 2011/16/EU as regards the mandatory automatic exchange of information in the field of taxation, EU Official Journal 2015, No. L 332, page 1, Council Directive 2016/ 6 December 2016 on the amendment of Directive 2011/16/EU with regard to the tax authorities' access to information reported in accordance with the money laundering regulation, EU Official Journal 2016, No. L 342, page 1, Council Directive 2018/822/EU of 25. May 2018 amending Directive 2011/16/EU with regard to the mandatory automatic exchange of information in the area of taxation in connection with reportable cross-border arrangements, Official Journal of the European Union 2018, No. L 139, page 1, Council Directive 2020/876/EU of 24 June 2020 amending Directive 2011/16/EU to meet the urgent need to postpone certain deadlines for the submission and exchange of information in the field of taxation due to the covid-19 pandemic, EU Official Journal 2020, L 204, page 46, and Council Directive 2021/514/EU of 22 March 2021 amending Directive 2011/16/EU on administrative cooperation in the field of taxation, EU Official Journal 2021, No. L 104, page 1.

# Om

Retsinformation.dk er indgangen til det fælles statslige retsinformationssystem, der giver adgang til alle gældende love, bekendtgørelser og cirkulærer m.v. Der er også adgang til Folketingets dokumenter og beretninger fra Folketingets Ombudsmand.
På retsinformation.dk anvendes der ikke cookies.

# Besøg også

Vælg site