# Exhibit 20

Message

| | |
|---|---|
| **From:** | Wells, Peter [/O=KAYESCHOLER/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=WELLS_P] |
| **Sent:** | 11/19/2012 10:09:48 PM |
| **To:** | Richard Markowitz [rmarkowitz@argremgt.com] |
| **CC:** | Jérôme LHOTE [jlhote@argremgt.com]; John H. van Merkensteijn, III [jhvm@argremgt.com]; Matthew Stein [mstein@argremgt.com]; Adam Larosa [alarosa@argremgt.com]; Ben-Jacob, Michael [/O=KAYESCHOLER/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=Ben_m] |
| **Subject:** | RE: Call with Duet |

Richard,

As we discussed, I am providing this email to summarize the comments and points of further discussion that we covered related to the Duet transaction this morning.  In addition, I also note some of the open points related to the discussion that we are working on related to both the Duet and to the Solo transaction.

I.    Duet Transaction

    A.   Private Placement Memorandum/PPM/Investment Management Agreement
1. Discuss the update to the fee (the 34% versus the 20%)
2. Confirmation that the General Partner's fee (along with any other fee based on Net Asset Value) is not calculated off any amount loaned to the partnership by the entity providing financing to the partnership (i.e., the NAV number does not included any amounts loaned to the partnership by the entity providing financing to the partnership)
3. Related to the previous point, NAV should be clarified so as to include any origination fee (or other fee) built into the loan agreement from the entity providing financing to the partnership as well as any interest payable under such loan
4. Discuss whether additional language should be added to insure that the General Partner must pay back the loan according to its terms, and that the General Partner does not need special corporate level approval, or otherwise need to take other administrative steps, to pay back any amounts loaned to the partnership by the entity providing financing
5. Discuss that in the event of any withholding clawback the Investment Manager should have to pay its pro-rata share (i.e., 34%) of any such clawback
6. With respect to Section 20 of the PPM (Investor Suitability) discuss obtaining consent of the Directors regarding its waiver of any accredited investor requirement under the document
7. Discuss that any money provided by a financing entity to the partnership cannot be used to satisfy any indemnification payment, and such money can only be used for trading and paying expenses of the partnership
8. Discuss whether they anticipate there being any VAT tax
9. Discuss whether language should be added in the investment policy regarding an obligation to hedge

        We suggest the following specific changes in the Limited Partnership Agreement:
1. Section 3.14 – We would suggest that this provision be deleted
2. Section 7.2.1(l)(i) – after "any Partners" the phrase "other than the General Partner" should be inserted

    B.   Additional Issues that we are looking into:
1. We will confirm with our London office that the statement regarding UK taxation under Section 4 of the PPM is accurate.
2. We will draft the loan agreement to the partnership based upon the previous draft circulated last spring.

RICHARD MARKOWITZ

EXHIBIT 2238

04 - 09 - 2021

exhibitsticker.com

WH_MDL_00219798

3. We will look further at the issue discussed at the outset of the meeting as to how the funding of the transaction (anticipated to be a loan) impacts the Pension Plan's representation on the forms that it is the beneficial owner of the tax reclaim amounts. Further to this analysis we ask that the most recent versions of the tax opinions be circulated, along with the specific reclaims forms (we do not think that we have seen them all).

II.    Solo Transaction

Issues that we are looking into and related points:
1. How the mechanics of funding of the general partnership will work given that the Pension Plan did not initially put capital into the partnership.
2. What is the lowest percentage that the Pension Plan can contribute to the general partnership so that the partnership is respected for regulatory purposes.
3. Similar to the issue noted above, whether the Pension Plan can represent that it is the beneficial owner of the tax reclaims given the general partnership structure.
4. Will we will draft the general partnership agreement based on the determination as to the ultimate financial arrangement between the partners (taking into account the answer to number 2 above). The partnership agreement will include a provision that appoints Adam as the administrative agent of the partnership.
5. Whether Argre (or a related entity) could potentially be considered to be offering a security both as to the original iteration of the transaction, as well as the new partnership structure.

Let me know if I missed anything or if there are any additional points of note not discussed this morning.

Regards,
Peter

***

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Peter Wells
KAYE SCHOLER LLP
425 Park Avenue | New York, New York 10022
T: +1 212.836.8662 | F: +1 212.836.6447
peter.wells@kayescholer.com | www.kayescholer.com

This message may contain confidential and/or legally privileged information from the law firm Kaye Scholer LLP. If delivered to anyone other than the intended recipient, please notify the sender immediately by return email or by telephone (+1 212.836.8662) and delete the message, along with any attachments, from your computer. Thank you.

**From:** Ben-Jacob, Michael
**Sent:** Monday, November 19, 2012 3:59 PM
**To:** Richard Markowitz; Wells, Peter
**Cc:** Jérôme LHOTE; John H. van Merkensteijn, III; Matthew Stein; Adam Larosa
**Subject:** RE: Call with Duet

Richard,

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

Yes, we are constructing a follow up email now and should have it to you soon. I am in and out of meetings all morning tomorrow, so will not be available. Peter may be able to join if necessary, or perhaps just be on call in case.

mbj


\*\*\*

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Michael Ben-Jacob
KAYE SCHOLER LLP
425 Park Avenue | New York, New York 10022
T: +1 212.836.8310 | F: +1 212.836.6310
michael.ben-jacob@kayescholer.com | www.kayescholer.com


This message may contain confidential and/or legally privileged information from the law firm Kaye Scholer LLP. If delivered to anyone other than the intended recipient, please notify the sender immediately by return email or by telephone (+1 212.836.8310) and delete the message, along with any attachments, from your computer. Thank you.

**From:** Richard Markowitz [mailto:rmarkowitz@argremgt.com]
**Sent:** Monday, November 19, 2012 3:55 PM
**To:** Wells, Peter; Ben-Jacob, Michael
**Cc:** Jérôme LHOTE; John H. van Merkensteijn, III; Matthew Stein; Adam Larosa
**Subject:** Call with Duet

Michael and Peter:

We plan to have an update call tomorrow morning at 9 am with Duet. I'm not sure you are needed, but we would like to be able to forward the few comments on the documents later today (so they have them by the morning).

Thanks.


Richard Markowitz
Managing Director
Argre Management LLC
40 West 57th Street
20th Floor
New York, NY 10019

Tel:      (212) 247-2600
Fax:      (212) 247-2753
Mobile:   (917) 848-5675

RMarkowitz@Argremgt.com

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER