# Exhibit 47

## Due Diligence Questions from Argre Management
*(As of DATE)*

| ITEM | STATUS |
|---|---|
| 1. Prime Broker | |
|     a. Please arrange a meeting between the Investors and the PB | *Meeting scheduled for 13 April 2010, in London* |
|     b. PB Agreement, including any provisions or side letters on collateral and leverage arrangements | *Draft provided on 5 April 2010. No side letters or additional provisions noted* |
|     c. Fees Letter | |
|     d. List of all individuals who are or will be authorized to trade on behalf of the Fund | |
|     e. Please provide a list of all internal authorizations received at the PB as it relates to its relationship and conduct of business with the Fund | |
|     f. Would additional approvals/authorizations had been required if compensation to the PB were tied to the performance of the Fund? | |
|     g. Are there any other arrangements or understandings between the PB, the Fund and/or the Investment Manager? | |
|     h. What controls/procedures are in place as it relates to assets of the Fund and its trading activity? | |
|     i. Provide information regarding the segregation of accounts for the Fund | |
|     j. What information, regarding trading activity etc., will be provided to the Investment Manager? To the Fund Administrator? When will information be provided? | |
| 2. Inter Dealer Brokers (IDB's) | |
|     a. Identify all of the IDB's that will trade with the Fund | |
|     b. Please arrange a meeting between the Investors and the one or more IDB's | *Meeting(s) scheduled for 14 April 2010, in London* |
|     c. Brokerage and any other written contracts between | |

# Due Diligence Questions from Argre Management
*(As of DATE)*

|  |  |
|---|---|
| the IDB's and the Fund or Solo Capital |  |
| d. Disclosure of any arrangements between the IDB's, the Fund, the PB and/or the Investment Manager |  |
| 3. Malta Structure (N.B. Questions and due diligence regarding Malta depend on outcome of discussions among Argre's and the Fund's respective Irish Counsel) | *Draft documents provided on 5 April 2010*<br>*Irish Counsel to Discuss on Monday, 12 April 2010* |
| 4. German Tax Issues |  |
| a. Current version of Norton Rose tax opinion | *Draft provided on 29 March 2010* |
| b. What other law firms and/or tax advisors were contacted regarding the Fund and its trading strategy? How was the advice or information given by other law firms and/or tax advisors different from that received from Norton Rose? |  |
| c. Please provide all necessary information to support the facts and assumptions laid out in the Norton Rose draft opinion (e.g., how and why the Irish Fund fulfils the requirements for a "foreign investment fund" under the German Investment Act as well as comparability to a German Investmentaktiengesselschaft) |  |
| d. Why are the matters described above addressed as assumptions rather than as part of the opinion? |  |
| e. Change of Fund documents to prohibit "physically settled" futures for the sale of stocks |  |
| f. The Fund and its investors should be allowed to rely in the Norton Rose opinion |  |
| g. Physical presence, employees and equipment for Fund in Ireland |  |
| h. Assuming (i) the decree dated 5 May 2009 is "re-issued" this year; (ii) applies to non-German funds such as the Fund; and (iii) would include futures contracts, please provide sufficient comfort that the |  |

## Due Diligence Questions from Argre Management
*(As of DATE)*

| | | |
|---|---|---|
| | Fund would be able to obtain the necessary certificate from a tax advisor in order to obtain withholding tax refunds | |
| | 5. Reclaim of German Withholding Tax under the Ireland/German Double Taxation Treaty | *Likely to be Acupay* |
| | a. Please arrange a meeting with the company that will be providing reclaim services to the Fund and provide a contact person | *Meeting scheduled for 14 April 2010, in London* |
| | b. Description of reclaim process and forms to be supplied by the Fund | |
| | c. Procedures, in the event the reclaim is not issued | |
| | d. Provide copies of all agreements that will be in place between the Fund and such company | |
| | 6. Fund Organization, Terms and Administration | |
| | a. Copies of all relevant Fund documents and other documents needed to accomplish the investment<br>   i. Agreements with administrator and custodian<br>   ii. Forms to be used for redemptions<br>   iii. Documentation required for AML purposes<br>   iv. Subscription documentation/required certifications | *Draft of Broadgate Prospectus and Supplement provided on 5 April 2010* |
| | b. Redemption provisions to be discussed (especially in light of the fact that we intend to be the only investors in the Fund) | |
| | c. Suspension of NAV to be more limited | |
| | d. Investment to be in voting shares | |
| | e. Please provide a contact person at the Fund Administrator | |
| | f. Provide a list of all bank and/or brokerage accounts the Fund has? | |
| | g. Please describe the protections in favor of the Investors with respect to movement of funds? | |

# Due Diligence Questions from Argre Management
***(As of DATE)***

| | |
|---|---|
|     h. Limitations on U.S. investors? Need to discuss implications. | |
| 7. Communication with Investors | |
|     a. Investment Manager to provide Investors with daily reporting of trades and positions | |
|     b. Is there an ability of the PB to provide on-line access to account information? | |
| 8. Standard Information Requests for Investments with Asset Managers | |
|     a. Organizational Documents and Ownership Structure of Investment Manager | |
|     b. Financial Statements, including any material liabilities, contingent or otherwise | |
|     c. Internal Controls and Compliance Procedures | |
|     d. Material Business Agreements | |
|     e. Personal References (from former employers and clients) (Note: Not from law firms or other parties to whom Investment Manager pays fees or commissions) | |
|     f. Investment Management Agreement and any other contracts/agreements relating to the Fund | |
|     g. To the extent the Net Worth of the Investment Manager is not substantial, please provide forms of the personal guarantees (or other similar protections) that will be used to support the obligations under the Investment Management (and other) contracts | |
| 9. Fund Economics and Fees | |
|     a. Confirmation that there are no other payments to Solo from the Fund (or derived from other parties that transact with the Fund), other then % tied to the net profits of the Fund | |
|     b. Confirmation that profits from trades are first used to | |

CONFIDENTIAL

WH_MDL_00453951

## Due Diligence Questions from Argre Management
*(As of DATE)*

| | |
|---|---|
| return the initial investment to the Investors. (Profit sharing only after capital is returned.) | |
| c. How will Investors receive comfort that neither the Fund, nor the Investors are at risk for any contingent payments | |
| d. Please provide details for all non-contingent and set-up costs | *Provided on 7 April 2010* |
| e. Calculation of Fund NAV should not include pending claims for withholding tax refund. (This will help insure that all contingent payments/profit share will be based on aggregate economics of Fund and not just on a trade by trade basis.) | |
| 10. Control Procedures for Fund's Investments and Cash. Please list and explain the various controls and procedures that will be in place to insure: | |
| a. Trades are done only on a market neutral basis | |
| b. No counterparty risk on futures contracts (other than the risk of EUREX or LIFFE) | |
| c. Stocks are purchased cum dividend | |
| d. Sales of long positions are to be done at a price that will not result in loss that will exceed 4.0% of the expected dividend on the stock | |
| e. Funds cannot be released from the PB account, without the knowledge of investors or to an account specified by the investors | |
| 11. In addition to all relevant documents, please provide any other information that Solo Capital considers material to the Investment | |

**CONFIDENTIAL**                                                                                                                         **WH_MDL_00453952**