

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

<u>BY ECF & HAND DELIVERY</u>

Honorable Lewis A. Kaplan                                   October 21, 2024
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>*In re Customs and Tax Administration of the United Kingdom of Denmark (Skatteforvaltningen)  Tax Refund Scheme Litigation,* 18-md-2865 (LAK)</u>[1]

Dear Judge Kaplan:

      We write on behalf of plaintiff Skatteforvaltningen ("SKAT") in response to counsel for defendant Michael Ben-Jacob's October 17, 2024 letter requesting that the Court order SKAT to make an offer of proof as to "what evidence pertaining to the presence or involvement of attorneys or legal advice received it proposes to introduce at trial, what evidence it proposes be admitted only for a limited purpose, and what it proposes to exclude." (Oct. 17 Ltr. at 1 (internal quotation omitted).)  Absent such an Offer of Proof, Ben-Jacob argues, "the Court cannot fairly be expected to rule on SKAT's motion" seeking to preclude the other defendants, *i.e.*, defendants Richard Markowitz, John van Merkensteijn, and Robert Klugman, from arguing at trial that they relied in good faith on the advice of counsel in representing to SKAT that the plans were entitled to tax refunds under Danish law or that they took comfort in making those representations from Kaye Scholer's or any other firm's involvement.

      SKAT respectfully submits that no such offer of proof by SKAT is needed for the Court to rule on SKAT's motion.  Defendants Markowitz, van Merkensteijn, and Klugman's offers of proof proffer as evidence of their supposed good faith: (i) legal opinions that the Danish law firms Hannes Snellman and Bech-Bruun provided to Solo Capital and North Channel Bank, respectively; (ii) German and Belgian law advice provided by Norton Rose and Freshfields, respectively, concerning separate purported dividend arbitrage schemes; and (iii) the

---

1. This letter relates to the Trial One cases:  18-cv-07828; 19-cv-01785; 19-cv-01867; 19-cv-01893; 19-cv-01781; 19-cv-01783; 19-cv-01866; 19-cv-01895; 19-cv-01794; 19-cv-01865; 19-cv-01904; 19-cv-01798; 19-cv-01869; 19-cv-01922; 19-cv-01800; 19-cv-01788; 19-cv-01870; 18-cv-07827; 19-cv-01791; 19-cv-01792; 19-cv-01928; 19-cv-01926; 19-cv-01868; 18-cv-07824; 19-cv-01929; 19-cv-01803; 19-cv-01806; 19-cv-01906; 19-cv-01801; 19-cv-01894; 19-cv-01808; 19-cv-01810; 19-cv-01809; 18-cv-04833; 19-cv-01911; 19-cv-01898; 19-cv-01812; 19-cv-01896; 19-cv-01871; 19-cv-01813; 19-cv-01930; 18-cv-07829; 18-cv-04434; 19-cv-01815; 19-cv-01818; 19-cv-01931; 19-cv-01918; 19-cv-01873; 19-cv-01924; 19-cv-10713; 21-cv-05339.

involvement of Crowell & Moring and Arthur Cox in their earlier Broadgate scheme involving German refund claims. As SKAT explained in its response to defendants' offers of proof, such evidence should be excluded from trial as irrelevant or unfairly prejudicial in that it may mislead the jury into believing defendants received Danish law advice, when no attorney ever advised defendants that the plans were entitled to the tax refunds under Danish law. (*See* ECF No. 1215 (SKAT Resp.) at 4-9.) SKAT does not intend to offer any evidence at trial pertaining to any of these firms' opinions, advice, or involvement. To be sure, evidence of defendants' participation in previous purported dividend arbitrage schemes with Sanjay Shah may be relevant at trial, (*see* SKAT Resp. at 8), but German and Belgian law advice and the involvement of law firms in separate dividend arbitrage schemes has no bearing on defendants' good faith in making the Danish refund claims to SKAT.

Defendants' offers of proof also make clear that they intend to argue at trial that Kaye Scholer's involvement in the Danish fraudulent refund scheme is evidence of their good faith, even though no Kaye Scholer attorney ever advised them that they were entitled to tax refunds under Danish law. The Court should preclude Markowitz, van Merkensteijn, and Klugman from making this misleading argument to the jury for the reasons set forth in SKAT's motion and response to the offers of proof. (*See* ECF No. 1125 (SKAT Mot.) at 5-7; SKAT Resp. at 10-11.) Such an argument may mislead the jury to infer that Kaye Scholer's involvement in certain aspects of the scheme means they must have "blessed" every aspect of it, particularly where Kaye Scholer provided only U.S. legal advice on matters collateral to the plans' entitlement to refunds under Danish law.

SKAT's motion, however, did not seek to preclude any evidence of Kaye Scholer's involvement. Such evidence may be relevant in particular to Ben-Jacob's participation in and knowledge of the fraudulent scheme, and some such evidence may be relevant, for instance, to the other defendants' anticipated advice of counsel defense concerning the representations in the tax refund claims that the plans were qualified pension plans. Thus, SKAT's motion sought only to preclude Markowitz, van Merkensteijn and Klugman from making the misleading argument that they took comfort from Kaye Scholer's involvement in representing to SKAT that the plans were entitled to the tax refunds under Danish law.

SKAT, of course, will set forth in its list of trial exhibits in the joint pretrial order the evidence of Ben-Jacob's involvement in the fraud on which it intends to rely at trial, which list SKAT is due to provide to the defendants tomorrow, October 22. And defendants, including Ben-Jacob, likewise will do the same on November 5. To the extent the Court grants SKAT's motion in advance of trial and precludes Markowitz, van Merkensteijn, and Klugman's misleading and prejudicial good-faith argument based on Kaye Scholer's involvement, SKAT anticipates that will assist the parties in assessing the relevance of the specific Kaye Scholer evidence set out in defendants' offers of proof.

Finally, though SKAT's motion did not seek to preclude Ben-Jacob from offering any evidence at trial, in response to the Court's order directing the other defendants to provide the Court and SKAT with offers of proof, Ben-Jacob proffered that he intends to testify that Markowitz and van Merkensteijn's former partner Jerome Lhote told him that they had received Danish law advice that the plans were the beneficial owners of the shares under Danish law. (ECF No. 1200 (Ben-Jacob Resp.) at 3-4.) Further, despite previously arguing that the introduction of evidence of legal advice provided by other law firms would prejudice him, Ben-

Jacob proffered that he will testify as to what his clients told him concerning German and Belgian law advice with respect to separate purported dividend arbitrage schemes to provide "context for the relationship between Ben-Jacob and his clients." (*Id.* at 4.) SKAT does not agree that what Ben-Jacob's clients purportedly told him about legal advice concerning German or Belgian schemes is relevant, but does agree with Ben-Jacob that to the extent this proffered testimony (or testimony concerning what Mr. Lhote allegedly told him about Danish law advice) were to be held admissible, the Court should provide the jury with an appropriate limiting instruction to prevent the jury from forming the mistaken impression that Markowitz, van Merkensteijn and Klugman in fact received Danish law advice that the plans were the beneficial owners of the shares or could have relied on German or Belgian law advice in making the representations to SKAT.

\* \* \*

For the reasons set forth above, SKAT respectfully requests that the Court deny defendant Ben-Jacob's request that the Court order SKAT to submit an offer of proof.

Respectfully submitted,

/s/ Marc A. Weinstein
Marc A. Weinstein

cc: all counsel of record (via ECF)